## SAMUEL M. ROTHSCHILD
## v.
## OTTO MEYER ET AL.

1. ACTION FOR MALICIOUS PROSECUTION.—In actions for the malicious prosecution of civil suits the declaration must show that the suit complained of has been brought to an end the same as in cases of the malicious prosecution of a criminal proceeding.

2. SAME—ABUSE OF CIVIL PROCESS.—Where it was alleged that the arrest, imprisonment and compelling plaintiff to give bail upon the writ of *capias ad respondendum* were an abuse of that writ, and that the suit in which it was issued was false, malicious and hopeless, and that it was a case for the malicious *abuse* of civil process and therefore no averment that such suit was ended was necessary. *Held,* that as the declaration does not show that the process was abused or perverted by being employed in making the plaintiff do any collateral thing, such position is not tenable.

3. PLEADING.—The fact that the declaration avers that the first suit was false and hopeless, and that is admitted by the demurrer, does not help out the want of averment that such first suit was at an end.

APPEAL from the Circuit Court of Cook county ; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed February 3, 1886.

This was an appeal by the plaintiff below from the judgment of the court in sustaining the defendants' demurrer to his declaration in substance as follows:

Declaration in an action on the case filed February 3, 1885, states that on December 27, 1884, plaintiff Rothschild, in the ordinary course of business, had bought of defendant, Otto Meyer, certain dry goods, amounting in value to $8,324, for which plaintiff had not paid, and plaintiff bought said goods without making any false representations of any kind to any

person for the purpose of obtaining credit for said goods, and said goods were sold by said Otto Meyer to said plaintiff without any false representations of any kind having been made by plaintiff to any one on which a credit to plaintiff for said goods was based.    But defendants well knowing the premises, and that plaintiff was not liable to arrest for said debt, and that no action for trespass on the case could be maintained therefor against plaintiff, and that such action would be false and hopeless, yet contriving and maliciously intending to injure and oppress plaintiff, and by abuse of process of the law to illegally imprison plaintiff, and harass, oppress and wholly ruin him, on December 27, A. D. 1884, at said county, presented to Hon. R. S. Williamson, one of the judges of the superior court, the affidavit of defendant, Albert Meyer, which stated that plaintiff had obtained the credit for said goods by means of false representations made by plaintiff. for that purpose.    And plaintiff says that the statements in said affidavit were willfully false, and known to be so by defendants, and were made for the sole purpose of obtaining thereby an illegal process for the arrest of plaintiff, and by an abuse of process of the law to imprison, oppress and wholly ruin plaintiff.    By means of said affidavit defendants procured said Williamson to order the arrest of plaintiff for said debt.    And defendants on December 27, 1884, filed said affidavit in the superior court, and commenced an action on the case against plaintiff, at the suit of said Otto Meyer, to recover the debt for said dry goods, and in said action ; by means of said affidavit and said order of Judge Williamson, caused the clerk of said superior court to issue in said case a writ of *capias ad respondendum* for the arrest of plaintiff.    And plaintiff says that said Otto Meyer had not, when said suit was commenced, any claim or demand against plaintiff, for which he could sustain an action on the case against plaintiff, and plaintiff had been guilty of no act for which he could lawfully be arrested in said suit, and said suit was and is false, malicious and hopeless, all of which was well known to defendants, when they commenced said suit, and caused said *capias* to be issued, and defendants commenced said suit and caused said *capias* to be

issued for the purpose of injuring and harassing said plaintiff, and by illegally depriving him of his liberty, imprisoning, oppressing and wholly ruining him. And on December 29, A. D. 1884, defendants, by means of the *capias* aforesaid, caused plaintiff to be arrested and imprisoned for twenty-four hours, until he was forced to and did give bail, by means of which premises plaintiff was greatly injured (stating injuries minutely) and sustained damages in the sum of $30,000.

Messrs. Brandt & Hoffmann, for appellant.

Mr. Adolph Ascher and Messrs. Kraus, Mayer & Brackett, for appellees.

McAllister, J. The declaration, to which the court below sustained a demurrer, is for maliciously and without probable cause bringing civil suit in case against the plaintiff, in which he was maliciously and without probable cause arrested upon a *capias ad respondendum*, imprisoned for twenty-four hours and then compelled to give bail in the action. There is no allegation in the declaration that said suit has been terminated, or anything in respect to what disposition had been made of it. We have the right, therefore, to assume that it may be still pending.

It is the general rule that in actions for the malicious prosecution of civil suits the declaration must show that the suit complained of has been brought to an end, the same as in cases of the malicious prosecution of a criminal proceeding; and, for the same reason, viz., that the party might recover in his action for malicious prosecution, and yet be guilty and afterward convicted of the original charge. Turner v. Walker, 3 Gill & J. 377; Wood v. Laycock, 3 Metc. (Ky.) 192; Hewitt v. Wooten, 7 Jones (N. C.) L. 182.

The reason why the alleged malicious suit or proceeding must be at an end before an action based upon it is brought is pointedly stated in Arundell v. Fregona, Yelv. 117: "The plaintiff will clear himself too soon, viz., before the fact is tried, which will be inconvenient; besides, the two determina-

Rothschild v. Meyer.

tions might be contrary and inconsistent." See, also, notes to Stennell v. Hogg, 1 Saund. 228; Parker v. Langley, 10 Mod. 209; Fisher v. Bristow, Doug. 215. But because it is alleged that the arrest, imprisonment and compelling plaintiff to give bail upon the writ of *capias ad respondendum* were an abuse of that writ, and that the suit in which it was issued was false, malicious and hopeless, it is insisted by appellant's counsel that it is a case for the malicious *abuse* of civil process and no averment that such suit was ended is necessary.

The acts of arresting, imprisoning and holding to bail under a writ of *capias ad respondendum* are, and each of them is, an ordinary, legal object and purpose of such writ. The averment, therefore, that they were an abuse of the writ, or that it was an abuse of it to cause any of those things to be done, can not be regarded as sufficient to change the nature of the case and bring it within the class known as *abuses* of legal process, in which it is immaterial that the suit or proceeding in which they occur is not at an end, and it is not essential to aver that it is. This declaration states no facts to show that the process was abused or perverted, by being employed in making the plaintiff do any collateral thing, or that it was sued out in order to illegally compel the plaintiff to do any collateral thing. In connection with the other facts alleged that was clearly necessary in order to show a case of abuse or perversion of the legal process. 2 Greenlf. on Ev. § 452 ; Granger v. Hill, 4 Bing. N. C. 212 ; Wicker v. Hotchkiss, 62 Ill. 110. The distinction between the two classes of cases is admirably stated by Sharswood, J., in Meyer v. Walter, 64 Penn. St. 283.

Counsel for appellant further contended that, inasmuch as the declaration avers that the first suit was false and hopeless, and that is admitted by the demurrer, the want of averment that such first suit was at an end is helped out. That particular expression in relation to action for malicious prosecution is used by Chief Justice Parker in the case of Parker v. Langley; 10 Mod. 209. But as we understand the observations of his lordship, he meant that a desertion of the suit or prosecution would indicate that it was false and hopeless. He

expressly says, however, that "no man can say of an action still pending that it is false or malicious." With some previous acquaintance with the English common law decisions, we are unable, by diligent search, to find any case in which, upon demurrer, it has even been hinted or suggested that any such words would be regarded as an equivalent for the averment that the suit was at an end. There are two good reasons why that is so. One is founded in a wise public policy ; and the other is, that the rule of practice and pleading required an averment, not only that the suit was at an end, but how it was disposed of. Feazle v. Simpson, 1 Scam. 30.

It would be intolerable, in this litigious age, if, in every case where a party commenced an action of trespass or case, and sued out a *capias ad respondendum* against the defendant, that the latter, as soon as arrested, could, without waiting for the trial or other disposition of the case, bring his action at once against the plaintiff for maliciously and without probable cause instituting that suit, and, by averring that such suit was false and hopeless, have a trial of the second suit before or regardless of the termination of the other. To allow that to be done would be against the interests of society and the public peace; because it would multiply law suits ; incite malice ; waste the time of courts, and bring the administration of justice into further disrepute by inconsistent results in the two cases. We are of opinion that the judgment of the circuit court should be affirmed.

Affirmed.