## Phœnix Mutual Life Insurance Company and Lewis L. Lehman v. George Arbuckle.

1. ABUSE OF LEGAL PROCESS—*What is.*—Where process has been used for the purpose the law intended it to effect, and without any ulterior unlawful purpose, it can not be said to have been abused. But if it is so used maliciously, and without any honest and reasonable belief of a right to so use it, the person against whom it has been employed, if damaged thereby, may have his action to recover such damages.

2. MALICIOUS USE OF PROCESS—*Nature of the Action.*—The action for a malicious and wrongful use of process and a recovery of damages is allowed only when it is made to appear that the use, though legal in form and procedure, was, in fact, wrongful, and that the defendant did not employ it in the honest and reasonable belief that it was just for him to do so, but was actuated and moved by malice.

3. MALICIOUS USE OF PROCESS—*When a Recovery May Be Had in the Absence of Malice.*—If the property of a defendant is seized by the wrongful use of process, and such property injured by such seizure or by a custodian having charge of it under the process, recovery may be had in the absence of malice or without regard to the motives that actuated the person at whose instance the process was used.

4. MALICIOUS USE OF PROCESS—*Measure of Damages.*—In cases where property has been seized by the wrongful use of process the measure of damages is limited to the special injury and damages to the property.

5. DAMAGES—*Measure of in Cases of Wrongful Use of Process.*—Payment of legal costs is the measure of the liability in case of an abuse of process, unless malice and want of reasonable or probable cause may, under the peculiar circumstances of the case, create an exception.

6. LEGAL PROCESS—*Wrongful Use of.*—Persons charged with the wrongful use of legal process are not to be judged by the actual state of the case in law or in fact, but upon their honest and reasonable belief as to the facts and the legal effect thereof.

**Memorandum.**—Case, for the wrongful use of legal process. Appeal from the Circuit Court of Coles County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed October 28, 1893.

### STATEMENT OF THE CASE.

The appellee, Arbuckle, gave the appellant company his note for $7,000, dated 2d day of March, 1885, due five years thereafter, to which was attached a warrant of attorney authorizing the confession of a judgment in case of default in its payment. To secure such payment appellee executed and delivered to Lewis L. Lehman, as trustee for the appellant company, a mortgage or trust deed on lots 51 and 52 in Paris, Ill.

On the 1st day of June, 1889, the appellee sold and conveyed the lots to one Michael Leinan, subject to the mortgage debt to the appellant, which debt Leinan assumed to pay. In February, 1890, Leinan conveyed the same property to Owen S. Jones, who received the lots subject to the mortgage debt which he assumed to pay.

On the 10th day of March, 1890, the note given by appel-
lee to the appellant being unpaid, judgment thereon was by
virtue of the warrant of attorney, entered by confession in
the Coles Circuit Court, and on the same day at the instance
of the appellant Lehman, execution was issued upon the
judgment and placed in the hands of the sheriff of Jeffer-
son county, to whom it was directed, with directions to levy
upon the real estate of the appellee, and after assigning to
him a homestead, sell the remainder to obtain satisfaction
of the execution. By a deed from Jones dated March
11, 1890, but acknowledged on the 29th day of March, the
appellant Lehman received title to the mortgage lots in
Paris " subject to the incumbrance of the mortgage debt."
The sheriff of Jefferson county, in pursuance of the instruc-
tions given him, proceeded with the execution. The home-
stead of the appellee was assigned to him and the remainder
of his lands levied upon on the 27th day of March, 1890, and
advertised to be sold on the 26th day of April, 1890, at
public outcry, to the highest bidder. The appellee contended
that the purchase by Lehman, trustee of the appellant com-
pany, of the mortgaged premises, subject to the mortgage
debt, in legal effect discharged and paid such debt, and he
applied on the 22d day of April, 1890, for, and obtained from
the Coles Circuit Court, an order staying further proceeding
under the execution, and at the same time obtained an
order opening up the judgment rendered against him by
confession and permitting him to file pleas to the declara-
tion filed in that proceeding and to contest the right of
plaintiff to a judgment. Nothing further was done by
virtue of the execution, and the issues formed by the pleas
in the proceeding for judgment by confession were in due
time heard, the result being favorable to the appellee. The
court ruled that the conveyance to Lehman, subject to the
mortgage debt, operated to extinguish the indebtedness, and
thereupon rendered judgment for appellee for costs, which
judgment stands in full force and not questioned. The
appellee then instituted this action on the case against
the appellant Insurance Co., and Lehman, its trustee, to re-

cover damages alleged to have been inflicted upon him by entering the judgment by confession, and the effort to bring his real estate to sale by virtue of the execution issued on such judgment, and by the suit in the court for judgment after he had been permitted to defend by the order of the court. The damages claimed were for injury to the financial standing and credit of appellee, and attorney's fees and other expenses paid or incurred in and about the proceeding to open and defend against the judgment.

A trial before the court and a jury in the case at bar, resulted in a verdict and judgment against the appellant company in the sum of $700, to reverse which they bring this appeal.

E. P. Rose and J. F. Hughes, attorneys for appellants.

Appellee's Brief, Wiley & Neal and F. K. Dunn, Attorneys.

In an action for abuse of legal process, it is not necessary to aver or prove that it was sued out maliciously and without probable cause. Barnet v. Reed, 51 Pa. St. 190; Page v. Cushing, 38 Me. 523; Wood v. Bailey, 11 N. E. Rep. 567; Granger v. Hill, 4 Bing. N. C. 212; Wicker v. Hotchkiss, 62 Ill. 110; Meyer v. Walter, 64 Pa. St. 283; Prough v. Entriken, 11 Pa. 81; Muns v. Dupont, 1 Am. Lead. Cas. 223; 1 Hilliard on Torts, 465.

Mr. Justice Boggs delivered the opinion of the Court.

The appellants regarded the conveyance of the mortgaged premises to Lehman subject to the indebtedness secured by the mortgage as a satisfaction of such indebtedness to the extent only of the value of such premises. The appellee insisted that its legal operation was to satisfy and fully discharge the entire indebtedness without regard to the value of the property.

Under the advice of counsel, learned in the law and authorized to practice in the courts, the appellants proceeded to take judgment by confession to issue execution thereon,

and to cause the same to be levied upon appellee's property, leaving it to him to proceed by such course as he might be advised was most desirable and proper to bring before the courts the question as to the legal effect of the conveyance to Lehman. The result was a hearing in the Coles County Circuit Court and an adjudication adverse to the position of the appellants. The case at bar was instituted by the appellee to recover damages for the injury to his financial standing, credit and good name, inflicted, as he alleges, by the confession of the judgment, the issuance of an execution thereon, the levy of the same upon his land, the assignment of a homestead to him and the public notice given by the sheriff that his property would be exposed for sale at public outcry, the expenses, by way of attorney fees and otherwise, necessarily by him incurred in securing from the court a stay of proceedings under the execution and in presenting his ground of defense against the judgment to the court.

The instructions given to the jury in behalf of the appellee were framed upon the theory that it was immaterial whether the appellants were actuated by malice in the institution and prosecution of the proceeding to obtain the judgment by confession thereon and the levy, etc., thereunder, or in resisting in the courts the lawful efforts of the appellee to defeat their right to a judgment. Instructions asked by the appellants to the effect that the plaintiff could not recover, unless the jury believed from the evidence that the defendants were so actuated by malice, were refused by the court.

Counsel for appellee insist that the action is to recover damages for an abuse of legal process and that in such cases it is not necessary to aver or prove that the process was sued out or used maliciously or without probable cause, and for that reason the rulings of the court on the instructions were proper. It has been held that in an action for an abuse of process, both malice and want of probable cause will be implied if an abuse is proven. Such holdings are mentioned with apparent approval in Walker v. Hotchkiss, 62 Illinois,

107. Judge Cooley in his work on Torts says, that it is
enough to show that the process was *willfully* abused to
accomplish some unlawful purpose. Cooley on Torts, 221.

It does not seem to us necessary to examine this conten-
tion or attempt to harmonize a conflict that at least appa-
rently exists in the decisions of courts and works of law
writers upon it, for we do not think the evidence established
or tended to establish an abuse of the process of the law.

We understand that process is deemed to have been abused
when it has been employed to accomplish some purpose
which the process was not intended by law to effect, or
where it has been used in the mode and manner designed
by law, but with an ulterior purpose to effectuate some
unlawful collateral end, the legal use of it being but osten-
sible, while the real design was to pervert its force and effi-
ciency to the success of the unlawful collateral design. 1
Amer. & Eng. Ency. of Law, 49; Mayer v. Walter, 64 Pa.
St. 288.

Where process has been used for the purpose the law
intended it to effect, and without an ulterior unlawful pur-
pose in view, it can not be said to have been abused, yet if
it is so used maliciously and without an honest and reason-
able belief of a right to so use it, the person against whom
it has been employed, if damaged thereby, may have his
action to recover such damages, if the process ought not in
fact have been made use of. The action in such case is not
for an abuse of the process but for a malicious and wrong-
ful use of it, and recovery is allowed only with an excep-
tion hereafter noticed, when it is made to appear by the
proof that the use of it, though legal in form and procedure,
was in fact wrongful, and that the defendant did not employ
it in the honest and reasonable belief that it was just for
him to do so, but was actuated and moved by malice in its
use.

The exception referred to is that if the property of a
defendant be seized by the wrongful use of process and such
property damaged or injured by the act of seizure or by a
custodian having charge of it under the process, recovery

may be had in the absence of malice or without regard to the motives that actuated the person at whose instance the process was used.

In such cases, however, the recovery is limited to such special injury and damage to the property. Nothing of the kind is claimed here.

There is no evidence in this case tending to show that the execution was perverted to a use not designed by law to be effected by such writs or that it was employed for any purpose other than that of legally subjecting the lands to sale. So far as the use made of the execution was concerned there was no abuse of the process, and if not abused its use was lawful unless the appellants were actuated by malice and without reasonable grounds to believe that they might lawfully employ it as they did. Testimony produced in behalf of the appellants and facts and circumstances appearing in the evidence tended to disprove malice and to prove that the appellants in good faith actually believed that they were proceeding lawfully in the course taken by them. It was proven that they acted upon the advice and instruction of an attorney at law and a member of the bar of the State, engaged in the actual practice of the profession, to whom the material facts were fully made known.

Whether they acted in good faith and upon reasonable grounds for such faith and belief, were important and material elements for the consideration of the jury, upon which the right of the plaintiff to recover rested.

It is urged that the debt had been paid when the appellants caused the judgment to be entered; that the appellant had full knowledge of such payment; that with such knowledge there was not and could not have been any reasonable ground or cause for entering the judgment or issuing the execution; that malice is presumed in the absence of reasonable or probable cause and that therefore the acts of the appellants in entering the judgment and causing the execution to issue was a willful and malicious and unjustifiable use of the power and process of the court; that therefore upon the admitted and uncontested facts the judgment is

right and ought not to be disturbed. This contention all rests upon the assumption that the debt had been paid and the appellants having knowledge of such payment, proceeded to take judgment. It can not, in correctness of speech, be said that the note was paid, but rather that the legal effect of the conveyance was to relieve the appellee from a liability to pay it. It was discharged by operation of the rules of law and not paid in the ordinary meaning of the word. Appellant did not admit nor understand that such was the legal effect of the conveyance of the mortgaged premises to appellant Lehman, but supposed that the appellant company would be required to account for the property at its value as a credit upon the note and that such value would be determined by the court upon a hearing.

They were advised by counsel upon full disclosure of all the facts that such hearing and adjustment by the court might be lawfully brought about by the course pursued by them. They are not to be judged by the actual state of the case in law or in fact, but upon their honest and reasonable belief as to the facts and the legal effect thereof. 2 Greenleaf, Evid., Sec. 455; Anderson v. Friend, 85 Illinois, 135.

If they in good faith relied and acted upon such legal advice, we know of no reason why they should incur liability beyond that incurred by every suitor who institutes a groundless action and every defendant who endeavors to maintain a groundless defense. In every contested suit at law the result makes it manifest either that the plaintiff has employed the function, powers and process of the court in the prosecution of a groundless claim, or that the defendant has used such functions, powers and process in furtherance of his desire and effort to substantiate and maintain a groundless defense.

Payment of legal costs is the measure of the liability in either case, unless malice and want of reasonable or probable cause may, under the peculiar circumstances of some particular case, create an exception. The jury should have been so instructed in the case under consideration.

The judgment must be and is reversed and the cause remanded.