## John B. Jeffery v. Burr Robbins.

1.  VERDICTS—*Against the Weight of the Evidence—When the Point Can Not be Raised.*—Where the evidence in the trial court is presented to the Appellate Court only by a stipulation as to what it tended to prove, without setting it out in full, the Appellate Court will be unable to determine its weight, except upon the presumption that it supported the verdict of the jury and the judgment of the trial court.

2.  ABUSE OF LEGAL PROCESS—*For What the Action Lies.*—For the setting in motion of process in a criminal case or its subsequent prosecution within the prescribed channels for its enforcement no liability is incurred if there be probable and reasonable grounds; it is only where the prosecution is perverted, or directed outside of its lawful course to the accomplishment of some object other than fixing the charge upon the accused, that one may be guilty of perverting the process and liable in an action for its abuse.

3.  SAME—*Essential Elements of the Action.*—To sustain an action for the abuse of legal process two elements are essential—first, the existence of an ulterior motive, and second, an act in the use of process other than such as would be proper in the regular prosecution of the charge.

4.  SAME—*Motive of the Prosecutor Immaterial.*—If the act of the prosecutor be in itself regular, the motive, ulterior or otherwise, is immaterial.

5.  SAME—*What the Term Implies.*—Abuse of process implies its irregular and improper use not merely regular and proper use with a bad motive.

6.  SAME—*Procuring Indictment, etc.*—The procuring of an indictment upon probable cause even though for the purpose of compelling a person to relinquish certain claims to real estate and employing counsel to assist in the prosecution, is not actionable.

7.  JURY—*Length of Time for Deliberation.*—The control of a jury as to length of time for deliberation is a matter within the sound discretion of the trial court.

Trespass on the Case, for abuse of legal process.  Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1897.  Affirmed.  Opinion filed February 14, 1898.

JOHN J. MCCLELLAN, CAMPBELL ALLISON, CHARLES C. SPENCER, attorneys for plaintiff in error.

FLOWER, SMITH & MUSGRAVE, attorneys for defendant in error.

Where an action is for abusing the process of law, in order illegally to compel a party to do a collateral thing, such as to give up his property or to pay a debt, it is not necessary to aver and prove that the process improperly employed is at an end, or that it was sued out without reasonable or probable cause. The law will not suffer a man to use unlawful means to effect even a just object without exposing him to all the consequences from his improper act. We do not wish it to be understood as conclusive, but *prima facie,* and in the absence of satisfactory evidence to the contrary it amounts to conclusive proof. The effect of the rule, and we believe it will be salutary, will be to throw the *onus* of proving probable cause on the defendant. Prough v. Entriken, 11 Pa. St. Reps. 81.

The action is almost everywhere referred to as "malicious abuse of process." Newell on Malicious Prosecution, p. 7; 1 Am. and Eng. Ency. of Law, p. 49; Mayer v. Walker, 64 Pa. St. 283.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This suit was brought by plaintiff in error to recover damages for that defendant in error maliciously, and for the purpose of compelling plaintiff and wife to dismiss certain suits pending and relinquish certain claims to real estate, had caused plaintiff to be indicted for perjury, and had caused a capias to issue upon such indictment, and plaintiff to be arrested thereon, and to furnish bail, and had prosecuted said indictment in the Criminal Court, and had promised plaintiff to cause said indictment to be dismissed if plaintiff would dismiss his said suit and give up his claim to said real

estate, *per quod* plaintiff had dismissed said suits and relinquished his said claims, and been injured, etc.    It is not alleged that the prosecution was without probable or reasonable cause.

It is apparent that, upon these allegations, no action for a malicious prosecution could lie; nor is there any such contention by counsel for plaintiff in error.    It is sought to sustain this suit as an action for abuse of legal process.

The jury found for the defendant, and judgment was rendered upon the verdict.    It is not contended that the verdict is against the weight of the evidence.    No error in this behalf is argued as ground for reversal; nor could it well be, for the evidence is presented only by stipulation as to what it tended to prove, without setting it out in full.    We would therefore be unable to determine the weight thereof, except upon the presumption that the weight of it supported the verdict of the jury and the judgment of the trial court.

The only errors assigned and argued relate to the giving or refusing of instructions, the admission of testimony, the request for special findings by the jury, and the control of the jury in the time of their deliberation by the court.

In order to pass upon the instructions given and refused, and the evidence admitted, we are obliged to consider what necessary issues are raised by a general traverse of the declaration in an action for abuse of legal process.

There is no little confusion in the reported cases of actions for malicious prosecution and actions for abuse of process.    The cases based upon an abuse of process are comparatively few, and a considerable proportion of those reported and cited as such, are found, upon examination, to have been in fact actions for malicious prosecution.

That which is requisite to sustain an action for malicious prosecution has been clearly defined in many cases, and nowhere has the subject·been more thoroughly and carefully considered than in our own State by the decisions of its Supreme Court.

The precise requisites of an action for abuse of process have not, however, been so clearly defined and pointed out. In the leading English case upon this action, and in the cases in the United States, nearly all of which follow the English case and derive authority therefrom, some nonessentials to this form of action are indicated, in contradistinction to an action for malicious prosecution, but without in any case clearly designating the precise essentials to an action for abuse of process. The leading case, in which this action has been sustained, is Grainger v. Hill, 4 Bing. New Cases, 212. In that case the defendant had, for the purpose of getting possession of a certain register book of the plaintiff, sued out a capias in an action of assumpsit, and caused the arrest of the plaintiff, and by means of the arrest upon the capias and threatened imprisonment thereon, the plaintiff was coerced to give up the book. The court, by TINDAL, J., said; "In the case of a malicious arrest, the sheriff at least is instructed to pursue the exigency of the writ; here the directions given, to compel the plaintiff to yield up the register, were no part of the duty enjoined by the writ. The complaint being that the process of law had been abused to effect an object not within the scope of the process, it is immaterial whether the suit which that process commenced has been determined or not, or whether or not it was founded on reasonable or probable cause."

And VAUGHN, J., concurring, said: "It is an action for abusing the process of law by employing it to extort

property to which the defendant had no right.    That
is of itself a sufficient cause of action without alleging
that there was no reasonable or probable cause for the
suit itself.''

And BOSANQUET, J., also concurring, said:    "This is
not an action for a malicious arrest or prosecution, or
for maliciously doing that which the law allows to be
done.    The process was enforced for an ulterior pur-
pose to obtain property by duress, to which the defend-
ant had no right.    The action is not for maliciously
putting process in force, but for maliciously abusing
the process of the court.''

This court has said, in Rothschild v. Meyer, 18 Ill.
App. 284, McALLISTER, J.:    "The acts of arresting,
imprisoning and holding to bail under a writ of *capias
ad respondendum* are, and each of them is, an ordinary,
legal object and purpose of such writs.    The averment,
therefore, that they were an abuse of the writ, or that
it was an abuse of it to cause any of these things to be
done, can not be regarded as sufficient to change the
nature of the case and bring it within the class known
as abuse of legal process, etc.''

In Emory v. Ginnan, 24 Ill. App. 65:    "Where an
action is for abuse of process, it is not necessary to
prove that the action in which the process issued has
been determined, or to aver that it was sued out with-
out reasonable or probable cause,'' citing Grainger v.
Hill.

In Phoenix Mut. Life Ins. Co. v. Arbuckle, 52 Ill.
App. 33:    "So far as the use made of the execution
was concerned, there was no abuse of the process, and
if not abused the use was lawful unless the appellants
were actuated by malice and without reasonable grounds
to believe that they might lawfully employ it as they
did.''

In Prough v. Entriken, 11 Pa. St. 81, the court say:

"The creditor, instead of pursuing the supposed criminal to judgment, stops short on receiving the amount of his demand, etc. The plaintiff was compelled to pay money to the defendant while in prison, etc. The prosecutor, from the first, held out the temptation that if the money, etc., was paid, he should not be imprisoned or further prosecuted." And upon these facts, the court, evidently still regarding the question of probable cause as an element, continue: "The effect, etc., will be to throw the *onus* of proving probable cause on the defendant."

In a later case, Mayer v. Walters, 64 Pa. St. 283, the same court say: "There is a distinction between a malicious use and a malicious abuse of legal process. An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it. * * * It is evident that when such a wrong has been perpetrated, it is entirely immaterial whether the proceeding itself was baseless or otherwise."

In Wood v. Graves et al., 144 Mass. 365, the court say: "There is no doubt that an action lies for the malicious abuse of lawful process, civil or criminal. It is to be assumed, in such a case, that the process was lawfully issued for a just cause, and is valid in form, and that the arrest or other proceedings upon the process, was justifiable and proper in its inception. But the grievance to be redressed arises in consequence of subsequent proceedings. For example, if after an arrest upon civil or criminal process, the person arrested is subject to unwarrantable insults and indignities, is treated with cruelty, is deprived of proper food, or is otherwise treated with oppression and undue hardship, he has a remedy, etc. * * * Perhaps the most frequent form of such abuse is by working upon the fears of the person under arrest, for the pur-

pose of extorting money, or other property, or of compelling him to sign some paper, to give up some claim, or to do some other act in accordance with the wishes of those who have control of the prosecution," citing Grainger v. Hill: "He was held entitled to recover damages, not for maliciously putting the process in force, but for maliciously abusing it to effect an object not within its proper scope."

The text writers treat this action sparingly.

"To maintain such an action, however, the plaintiff's case must be something other than a proceeding for a malicious prosecution. The ground of action must be, not a false prosecution, (that is, a prosecution upon a demand or accusation which has no foundation in fact), but an unlawful use of legal process; and such an act may be committed as well in the course of a well founded prosecution as in a false one." Bigelow on Torts, p. 89, Sec. 6.

"Whoever makes use of the process of the court for some private purpose of his own, not warranted by the exigency of the writ or the order of the court, is amenable to an action for damages for an abuse of the process of the court. Thus, where the defendant, having instituted legal proceedings against the plaintiff, and caused a writ to be issued against him, employs the officer charged with the execution of the process, to do a specific thing that he was not warranted by the writ to do, etc.   *   *   *   And when the complaint is that the process of the law has been abused and prostituted to an illegal purpose, it is perfectly immaterial whether or not it issued for a just cause of action, or whether the suit was legally terminated or not."  2 Addison on Torts, p. 82, Sec. 868.

It may be regarded as well settled by general agreement of decisions and text writers, that for the setting in motion of process in a criminal case or its subsequent

prosecution within the prescribed channels for its enforcement, no liability is incurred if there be probable and reasonable grounds for the same. Nor is the motive or purpose of the prosecutor in such case material, for the law will not permit inquiry into his motives and purposes if he be doing that only which each citizen has right to do, and which it is in the interest of the public to have done.

In McBean v. Ritchie, 18 Ill. 114, the court say: "Society requires prosecutions for crimes, and probable cause for such prosecutions is a protection against legal liability, no matter by what motive the proscutor may have been actuated."

In Ames v. Snider, 69 Ill. 376, the court say: "If there is probable cause, no matter what the motives of the prosecutor may have been, no action can be maintained."

The same rule would in reason apply not only to the instigating of the process in the first instance, but as well to protect the prosecutor who acted upon probable and reasonable cause, in each succeeding step of the prosecution, so far as it was directed within the lawful channels of procedure. As where the prosecutor not only brings the action into force, but employs counsel to aid the prosecuting officer in carrying on the same, and moves the process to execution, probable cause therefor continuing throughout, and the prosecution being conducted within the lawful scope and to the end of fixing the charge upon the accused. It would seem to be only where the prosecution is perverted, i. e., directed outside of its lawful course to the accomplishment of some object other than fixing the charge upon the accused, that one, acting upon probable and reasonable cause, may yet become liable for so perverting the process as to be guilty of an abuse thereof. And to constitute such improper direction of process,

Jeffery v. Robbins.

the mere existence of an ulterior motive in doing an act proper in itself, would not suffice, but there must be such an *use* of it as is in itself without the scope of the process and improper, from which motive may perhaps be inferred. It would seem, both from authority and reason, that to sustain the action these two elements are essential—first, the existence of an ulterior motive, and, second, an act in the use of process other than such as would be proper in the regular prosecution of the charge. From the latter the former may perhaps be inferred, but the existence of the former could not, in reason, dispense with proof of the latter,—for if the act of the prosecutor be in itself regular, the motive, ulterior or otherwise, is immaterial.

If one whose goods have been stolen shall prosecute the thief, and secure his conviction, although his motive may have been ulterior in that he hoped thereby to secure a return of his goods, and although the goods may, in the course of the prosecution, be returned to him, yet it is difficult to perceive how he could be held liable, merely because of such motive, either for a malicious prosecution or for an abuse of process, if he has acted upon probable cause, and if the entire prosecution has been conducted by lawful methods and within the prescribed lines of procedure.

Abuse implies irregular and improper use, not merely regular and proper use with a bad motive.

In this case it is stipulated that the evidence tended to prove that defendant, for the purpose of compelling plaintiff to give up claim to real estate, caused and procured an indictment of plaintiff; tended to prove that defendant employed counsel to assist the State's attorney in procuring and prosecuting indictment; and tended to prove that defendant agreed that if plaintiff would dismiss his suit in relation to real estate, he, defendant, would cause indictment to be dismissed,

and that plaintiff did dismiss his said suit in relation to the real estate.

The procuring of the indictment upon probable cause, even though with the motives thus shown, is not actionable. Neither does the employing of counsel make defendant liable, the probable cause still continuing. The only improper use, therefore, if it be a use, of the process, which the evidence tends to prove, consists of the promise of defendant that if plaintiff would dismiss his suit in relation to the real estate, defendant would then cause the dismissal of the indictment. This promise to do something, which the defendant was presumably powerless to effect, and which he did not in fact effect, is the sole possible ground of the action.

In their relation to this issue, we examine the instructions. It is complained that the court erred in giving the second, sixth, eighth, ninth, twelfth and thirteenth instructions for defendant. Both plaintiff and defendant tendered instructions upon the theory of a suit for malicious prosecution, with the element of want of probable cause omitted. Neither asked for any instruction upon the theory of an action for abuse of process, unless it be by one instruction, among eight, offered by plaintiff in error, and abandoned by him in his brief here. Thus leaving out the element of want of probable cause does not change a suit for malicious prosecution into a suit for abuse of process.

The instructions go to the motive in procuring the indictment, not to a subsequent improper use of it. Hence, neither party can now be heard to complain of what they did and invited the other to do. The instructions offered by plaintiff called for such as were offered by defendant.

The second, sixth, eighth, ninth, twelfth and thirteenth instructions given for defendant, all related to the motive of defendant in procuring the indictment,

as did the instructions offered by plaintiff and given by the court.

The errors assigned for refusal of instructions for the plaintiff, are, except as to the second thereof, not argued, and hence are treated as abandoned by brief of plaintiff in error. The second instruction was properly refused, for it told the jury, in effect, that one might be liable for a malicious prosecution, though acting upon probable cause.

Evidence was admitted, over the objection of plaintiff, tending to show probable cause for the criminal prosecution. This evidence was incompetent, as the question of probable cause was not put in issue by the pleadings. But both plaintiff and defendant misconceived the gist of the action. Plaintiff introduced evidence tending to prove that defendant, with improper motives, procured plaintiff to be indicted. He can not now be heard to complain that defendant met him upon this false issue, which he had raised by the evidence presented.

It is complained that the general verdict was accepted by the court without requiring the jury to answer as to the special findings. But special findings were requested only by defendant in error, who withdrew the request, and by the court, who could at any time withdraw that which he had submitted of his own motion. Plaintiff in error asked for no special findings, and can not now complain that none were made.

The control of the jury as to length of time for deliberation was a matter within the sound discretion of the trial court, and we can not say that such discretion was abused.

Upon the whole record, and after careful examination, we are of opinion that the verdict and judgment in this case should not be disturbed.

The judgment is affirmed.