Bonney v. King.

---

### Lawton C. Bonney v. John A. King et al.

1.  WORDS AND PHRASES—*Abuse Defined.*—Abuse implies irregular and improper use, not merely regular and proper use with a bad motive.

2.  MALICIOUS PROSECUTION—*Requisites of Declaration.*—In an action for the malicious prosecution of civil suits, the declaration must show

that the suit complained of has been brought to an end the same as in case of the malicious prosecution of a criminal proceeding, and for the same reason, viz., that the party might recover in his action for malicious prosecution and yet be guilty of, and afterward be convicted of, the original charge.

**Trespass on the Case,** for the malicious bringing of civil suits. Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed October 24, 1902.

Plaintiff in error brought his action in trespass on the case to recover damages for injuries alleged to have been inflicted by malicious acts of the defendants in bringing certain civil suits against him. The declaration states that the purpose of the suits was not the collection of money due from plaintiff in error, but to compel the latter to execute a power of attorney authorizing defendant, Witbeck, to give away without consideration, stock belonging to plaintiff, in pursuance of a conspiracy to acquire plaintiff's stock in the Chicago General Railway Company, or to wreck said company. It is charged that to accomplish this purpose defendants began suits at law against plaintiff upon notes signed by the latter in behalf of the company, which had been paid by defendant Witbeck as agent of the company, out of the funds of the company; also a suit in replevin against a third person for possession of certain shares of stock belonging to plaintiff. The suits were brought, it is said, in the name of Witbeck, and the part in the alleged conspiracy charged against the other defendant, King, is that " he was engaged in wickedly and willfully exciting and stirring up suits and quarrels between the people of this State," and that both defendants sought wrongfully to injure appellant in respect to his property, credit and reputation, and succeeded in such purpose. The trial court sustained a general demurrer to the declaration, and this is assigned as error.

LYMAN M. PAINE, attorney for plaintiff in error.

FLOWER, VROMAN & MUSGRAVE, attorneys for defendants in error.

Bonney v. King.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The acts complained of in the declaration are, first, a request that plaintiff sign a power of attorney authorizing certain stock and bonds of the railway company owned by him, to be sold with the stock and bonds of other parties to effect a transfer of the controlling interest in the company, the proceeds to be duly accounted for; and second, the bringing of certain suits. It is evident that the request from defendants to sign such power of attorney did not and could not, of itself, give the plaintiff any right of action, no matter what the motive, nor how unreasonable such a request may have been. The only acts complained of by which the plaintiff could have been damaged are the suits, which it is claimed were maliciously brought as a means of coercing the plaintiff into signing the power of attorney. The charge that these were brought pursuant to a conspiracy to wrongfully coerce and injure the plaintiff is mere matter of explanation in aggravation of the alleged injury caused by bringing the suits. It is the acts of the defendants and not the conspiring to do the acts, which caused whatever injury he may have sustained and of which he complains. These suits are still pending and undetermined. Whether or not they are based upon good causes of action against plaintiff in error can not be ascertained in the case before us. It is conceded by plaintiff that the declaration would be defective in not alleging the termination of the suits in his favor, if this "were the ordinary declaration in case for malicious prosecution," and if the demurrer did not admit the allegation of the declaration that the notes sued on had been paid. It is urged that this is an action, not for the malicious prosecution, but for the malicious bringing of the suits. We fail to see force in the alleged distinction. There is no averment showing an abuse of the process of the courts. The mere bringing of suits, even with an ulterior motive of coercing the plaintiff, would not of itself constitute a malicious abuse, though it might constitute a malicious use of legal process. The latter is not

necessarily unlawful. It may be a use of the right every one has under the law to bring suit to establish a legal claim, and the fact that such claim, real or disputed, would not have been asserted except for the existence of an ulterior motive, does not make its prosecution unlawful. As is said in Jeffery v. Robbins, 73 Ill. App. 353–361, "Abuse implies irregular and improper use—not merely regular and proper use with a bad motive."

In actions for malicious prosecutions of civil suits, "the declaration must show that the suit complained of has been brought to an end the same as in cases of the malicious prosecution of a criminal proceeding and for the same reason viz., that the party might recover in his action for malicious prosecution and yet be guilty of and afterward convicted of the original charge." Rothschild v. Meyer, 18 Ill. App. 284. It is urged that in the case at bar this rule should not apply because the declaration alleges the notes sued on had been paid by Witbeck out of the funds of the company, and that the demurrer so admits. The averment is not, however, such as if true would certainly suffice to bar recovery.

Plaintiff in error argues that he is entitled to redress before final judgment in his favor in said suits because in Sec. 19, Art. 2, of the State Constitution, it is said that "every person ought to find a remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation," etc. We find in this record nothing to indicate that plaintiff in error has been deprived of any constitutional right. If the defendants in error have been guilty of a violation of the criminal statutes defining common barratry and conspiracy as plaintiff alleges, the law affords a method of reaching them. But whatever the facts, the declaration shows that this suit is at least prematurely brought, and the judgment of the Circuit Court must be affirmed.