CITY OF ROCHESTER HILLS v SIX STAR, LTD, INC

Docket No. 96267. Submitted November 10, 1987, at Detroit. Decided
April 5, 1988. Leave to appeal applied for.

In 1982, the Charter Township of Avon, Oakland County (now the
City of Rochester Hills) brought a multicount complaint in
Ingham Circuit Court against the Department of Natural Re-
sources, Six Star, Ltd., Inc. and Stan's Trucking Inc., seeking to
stop the DNR from issuing a construction permit to Six Star
allowing it to proceed with an enlarged landfill it operated on
property owned by Stan's located in the township and to stop
Six Star from constructing and operating the proposed enlarged
landfill. The township sought and secured a temporary restrain-
ing order against both Six Star and Stan's on the basis that
any continued or expanded use of the subject property would be
in violation of township zoning ordinances. Six Star and Stan's
filed a counterclaim for abuse of process, claiming that, as a
result of the township's wrongful use of process, the proposed
expansion of the landfill had not been included in the DNR's
Oakland County Solid Waste Management Plan. Six Star and
Stan's further alleged that the township's use of process was
for the purpose of obtaining the property for park purposes
under an agreement between the township and Stan's which
provided that Stan's would give the property to the township
when the landfill was completed. The township moved for
summary disposition on the counterclaim on the basis of gov-
ernmental immunity. Avon Township became the City of Roch-
ester Hills. The trial court, Thomas L. Brown, J., denied the
motion. The city sought leave to appeal to the Court of Ap-
peals, which was denied. The city sought leave to appeal in the
Supreme Court which, in lieu of granting leave, remanded the
matter to the Court of Appeals for consideration as on leave
granted. 426 Mich 868 (1986).

The Court of Appeals *held:*

A governmental agency is immune from liability for any

References
Am Jur 2d, Torts § 6; States §§ 99-125; Zoning and Planning § 150.
See the annotations in the Index to Annotations under Governmen-
tal Immunity or Privilege, and Zoning.

intentional tort so long as the tort was committed during the performance of a general activity which constituted a governmental function. The township's, and now the city's, enforcement of the applicable local zoning ordinances is a governmental function. Since the zoning ordinances were in force and did prohibit the expansion of the landfill proposed by Six Star and Stan's Trucking, enforcement of the zoning ordinance though the use of legal process was proper. Accordingly, the trial court erred in denying the motion for summary disposition in favor of the city.

Reversed.

GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS — ABUSE OF PROCESS — ZONING ORDINANCES.

A governmental agency is immune from liability for any intentional tort so long as the tort was committed during the performance of a general activity which constituted a governmental function; enforcement by a city of its zoning ordinance is the exercise of a governmental function, accordingly a city is immune from liability for abuse of civil process for any acts arising out of the city's attempts to seek judicial enforcement of its zoning ordinance.

*Patterson, Patterson, Whitfield, Manikoff, Ternan & White* (by *Lawrence R. Ternan* and *John D. Staran*), for plaintiff and counterdefendant.

*Herbert A. August,* and *Cooper & Fink* (by *Daniel S. Cooper*), for defendants and counterplaintiffs.

Before: H. HOOD, P.J., and R. M. MAHER and J. B. SULLIVAN, JJ.

PER CURIAM. Defendants and counterplaintiffs Six Star, Ltd., Inc. and Stan's Trucking, Inc. filed a counterclaim against plaintiff and counterdefendant, City of Rochester Hills,[1] alleging abuse of

---

[1] The original action was commenced by the Charter Township of Avon. During the pendency of the proceedings in the trial court, Avon Township became the City of Rochester Hills. Since that change of incorporation has no effect on the legal issues presented, plaintiff and counter-defendant will hereafter be referred to as the city even though some of the activities referred to occurred during the time it was still Avon Township.

civil process. The city moved for summary disposition pursuant to MCR 2.116(C)(7) and (8), raising the defense of governmental immunity and also arguing that counterplaintiffs failed to state a claim upon which relief can be granted. In its May 6, 1986, opinion and order, the circuit court denied the motion on the basis that the city did not enjoy immunity from tort liability for abuse of process and that, while factual issues exist concerning the city's intent, the counterclaim states a cause of action. The city then sought leave to appeal and peremptory reversal in this Court without success. However, on October 27, 1986, the Michigan Supreme Court remanded the case for reconsideration as by leave granted. We reverse the circuit court's order denying the city's motion for summary judgment.

It is necessary to present some of the underlying facts in this case which give rise to the instant dispute. Stan's owns the subject property, which has been operated as a landfill for approximately twenty years. Pursuant to an agreement and plan, Stan's offered to donate the land to the city for recreational purposes as the landfill activity was completed. Six Star was the landfill operator since 1975. In essence, Six Star sought and was unsuccessful in obtaining permission to expand the landfill operations. Continued use of that landfill site would result in substantially increasing the contours of the land, which would affect use of the property for recreational purposes and, as claimed by the city, create land incompatible with the residential area.

The instant appeal has its genesis in a lawsuit instituted by the city on March 29, 1982, to prevent the Department of Natural Resources from issuing a construction permit to Six Star for expansion of the landfill on Stan's property. The

permit would have enabled Six Star to build the infrastructure necessary to meet a threshold qualification as an applicant for a landfill operator's permit from the DNR. The city successfully procured an ex parte temporary restraining order from Ingham Circuit Judge Thomas L. Brown on the date the complaint was filed, which caused Six Star to become disqualified for inclusion in the DNR's Oakland County Solid Waste Management Plan then being developed pursuant to the Solid Waste Management Act, 1978 PA 641, MCL 299.401 *et seq.*; MSA 13.29(1) *et seq.*

Six Star alleges that its exclusion from the plan has now disqualified it from consideration by the DNR as a potential landfill operation, thus leaving it subject to the city's hostile zoning ordinance. Six Star contends that it would have been exempted from that ordinance under Act 641 had the city not abused the processes of the circuit court in order to prevent it from qualifying for consideration under the waste management plan. Now, Six Star is left with land having no use except as a public park.

On appeal, the city argues that the abuse of process claim is barred by the governmental immunity act because filing of the original lawsuit was a legitimate attempt to enforce the applicable zoning ordinance. Such enforcement was not a tort but a governmental function.

Six Star disagrees, arguing instead that the city's ulterior purpose in using the temporary restraining order was to prevent it, Six Star, from taking steps under Act 641 to qualify for inclusion in the Oakland County plan rather than to enjoin activity which would result in immediate, irreparable harm or injury. The city's ulterior motive was to keep Six Star out of the Oakland County Solid Waste Management Plan in order to obtain

the landfill site for a public park without just compensation. Six Star argues further that the filing of the lawsuit with such an ulterior motive is not a governmental function and, hence, not insulated from liability under the governmental immunity act.

We think that the city has the better argument and conclude that enforcement of its zoning ordinance was a governmental function for which it was immune.

Recently, our Supreme Court had an opportunity to once again address the issue of governmental immunity, this time in the realm of intentional torts. *Smith v Dep't of Public Health,* 428 Mich 540; 410 NW2d 749 (1987). The Court expressly held that there is no "intentional tort" exception to governmental immunity and that a governmental agency is immune from liability for any intentional torts so long as those torts were committed during the performance of a general activity which constituted a governmental function. See *Eichhorn v Lamphere School Dist,* 166 Mich App 527; 421 NW2d 230 (1988). Specifically, the *Smith* Court held:

> [I]ntentional torts are immune if committed within the scope of a governmental function; however, the intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law is not the exercise of a governmental function. [428 Mich 611.]

It is the essence of an abuse of process claim to allege that the tortfeasor has sought to accomplish an ulterior, unlawful objective by dint of judicial processes ostensibly directed to a collateral, permissible end. See *Three Lakes Ass'n v Whiting,* 75 Mich App 564, 570; 255 NW2d 686 (1977). Here,

Six Star alleged that the city involved the process of the Ingham Circuit Court to prevent it from qualifying in a plan which would have preempted the zoning ordinance. However, we agree with the city that it was within its authority to use the courts to redress its legal rights and to enforce its zoning ordinance.[2] Despite Six Star's claims, the city's enforcement of its own zoning ordinance is a governmental function authorized by the Township Rural Zoning Act, MCL 125.271 *et seq.*; MSA 5.2963(1) *et seq.* Although Six Star wanted to obtain a landfill operator's license under the DNR, it was unable to meet a DNR licensing prerequisite, construction of the landfill, without violating the zoning ordinance. This Court held in a prior appeal from the Oakland Circuit Court's injunction ruling involving the same parties that, in the absence of an already approved solid waste management plan, the city's local zoning ordinances are not preempted by the Solid Waste Management Act, MCL 299.401 *et seq.;* MSA 13.29(1) *et seq. Avon Twp v DNR,* unpublished opinion per curiam of the Court of Appeals, decided March 5, 1987 (Docket Nos. 72932, 75101), lv den 424 Mich 860 (1985). Thus, the DNR lacked authority to issue a license for landfill construction, since it too was

[2] In a September 29, 1982 order, Judge Brown dismissed Count II of the city's claim for failure to exhaust administrative remedies. The judge also found that the location of the site in Oakland County deprived the Ingham Circuit Court of jurisdiction to enforce the ordinance. Finally, the court dissolved the temporary restraining order. However, the court retained jurisdiction of the Michigan Environmental Protection Act counts and enjoined any operation of the landfill pending a demonstration of compliance with MEPA.

The DNR issued Six Star a construction permit on September 29, 1982. That same day, the city was successful in having the Oakland Circuit Court issue a temporary restraining order prohibiting construction.

In rendering the initial temporary restraining order, however, Judge Brown gave the city nothing it was not entitled to receive in the proper forum, i.e., Oakland Circuit Court, by virtue of its own zoning ordinance.

bound by the zoning ordinance. However lawful Six Star's objectives, they could not sanction a violation of the applicable land use ordinance. It follows then that the city's enforcement of the ordinance was proper.

It is also worthy to note that expansion of the landfill operation as sought by Six Star would have been in breach of the original licensing agreement with the city, which required Six Star to turn over the site upon completion of the landfill in accordance with a predetermined plan. Logic would dictate that Six Star can hardly complain that the city attempted to use the courts to foreclose Six Star's anticipated breach of the prior agreement.

To conclude, the city is immune from liability under *Smith, supra,* because any intentional torts, if any were committed, occurred during the exercise of a governmental function, namely, enforcement of its zoning ordinance. *Smith, supra.* Accordingly, the order denying the city's motion for summary disposition should be reversed and judgment entered in favor of the city.

Reversed.