52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry L. FAIRCHILD, doing business as Fairchild Waste
Control, Plaintiff-Appellant,
v.
BUENA VISTA CHARTER TOWNSHIP; Thomas Lynch, III, John
Parrott, Robert Parent, Dennis R. Williams, Julius
Boarden, Steven Bennett, individually
and officially, Defendants-Appellees,
David Bennith, Defendant.
 No. 94-1003.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: KENNEDY and MILBURN, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Larry L. Fairchild appeals a district court order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983, which also alleged supplemental state law claims. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Fairchild sued Buena Vista Charter Township and officials and employees of that municipality in their individual and official capacities, alleging that: 1) the defendants searched his property in violation of the Fourth Amendment; 2) the defendants violated his equal protection and due process rights; 3) the defendants conspired to defame him; 4) the defendants' actions in searching his property were negligent; 5) the defendants intentionally inflicted emotional distress on him; and 6) the defendants trespassed on his property. Over Fairchild's objections, the district court adopted the magistrate judge's report and recommendation to dismiss the claims, concluding that all of Fairchild's federal claims and most of his state law claims did not state a claim for which relief could be granted under Fed.R.Civ.P. 12(b)(6). The court also concluded that Fairchild's only remaining state law claim of trespass did state a claim upon which relief could be granted; yet, the court dismissed the claim without prejudice to Fairchild's right to pursue the claim in state court. Fairchild has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Fairchild's complaint for failure to state a claim. When Fairchild's complaint is construed in the light most favorable to him and all his factual allegations are accepted as true, the district court properly determined that Fairchild undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993). Fairchild's Fourth Amendment claims do not state a claim, because the defendants properly searched his property and he has not alleged that they damaged any property. See Crowder v. Sinyard, 884 F.2d 804, 818 (5th Cir.1989), cert. denied, 496 U.S. 924 (1990); United States v. Brand, 556 F.2d 1312, 1317 (5th Cir.1977), cert. denied, 434 U.S. 1063 (1978); see also Bonds v. Cox, 20 F.3d 697, 701-02 (6th Cir.1994). His equal protection claim is conclusory and insufficient to state a claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). His due process claim also fails to state a claim, because the defendants properly turned off his utilities without notice due to the existence of dangerous conditions on Fairchild's property. See Harris v. City of Akron, 20 F.3d 1396, 1401 (6th Cir.), cert. denied, 115 S.Ct. 512 (1994). The defendants are immune from suit on Fairchild's claims of defamation, negligence, and intentional infliction of emotional distress, because government employees engaging in the exercise or discharge of a governmental function are immune from tort liability. See Peterman v. Department of Natural Res., 521 N.W.2d 499, 512 (Mich.1994); see also City of Rochester Hills v. Six Star, Ltd., 423 N.W.2d 322, 324 (Mich.App.1988) (per curiam). Lastly, we note that Fairchild does not challenge the district court's dismissal of his sole remaining state law claim of trespass without prejudice in order to allow him to pursue this claim in state court.
 
 
 5
 Accordingly, we affirm the judgment for the reasons set forth in the magistrate judge's report and recommendation filed on April 8, 1993, as adopted by the district court in its order filed on November 29, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation