# STATE OF MICHIGAN

# COURT OF APPEALS

208 PIONEER CLUB ROAD SE LLC,

        Plaintiff-Appellant,

v

CITY OF EAST GRAND RAPIDS,

        Defendant-Appellee.

UNPUBLISHED
January 21, 2016

No. 323413
Kent Circuit Court
LC No. 14-003798-CH

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

In this dispute over a purported cloud on title to real property, plaintiff, 208 Pioneer Club Road SE, LLC (Pioneer Club), appeals by right the trial court's order granting the motion for summary disposition by defendant, City of East Grand Rapids. For the reasons set forth below, we affirm.

Pioneer Club owns two adjoining lots in East Grand Rapids: 206 Pioneer Club Road SE and 208 Pioneer Club Road SE. James Azzar, who is Pioneer Club's sole member, previously owned the lots. In September 2012, the City sent Azzar a letter advising him that it intended to treat the lots as one parcel for tax purposes unless Azzar objected. In the letter, the City also notified Azzar about the requirements of Section 5.44(B) of the City's zoning ordinance, which provides:

> If two (2) or more lots or a combination of lots and portions of lots with continuous frontage in single ownership are of record at the time of passage or amendment of this chapter, and if all or part of the lots do not meet the requirements stated in this chapter for lot width or area for nonconforming lots in the zone district in which the lots are located, the land involved shall be considered to be an undivided parcel for the purposes of this chapter and no portion of said parcel shall be used or occupied which does not meet the lot width and area requirements stated in this chapter for a conforming lot in the zone district in which the parcel is located, nor shall any division of the parcel be made which leaves remaining any lot width or area below the requirements stated in this chapter for a conforming lot in the zone district in which the parcel is located unless a variance is granted by the board.

-1-

After receiving the letter, Azzar transferred one of the lots to Pioneer Club and the other to a sister company. He then wrote to the City and informed it that the lots were no longer under common ownership.

The City wrote back to Azzar in December 2012. It stated that Azzar's transfer of the lots violated the zoning ordinance and told him to deed the lots to a common owner or face a criminal citation. Azzar complied and Pioneer Club was the owner of both lots by January 2013.

In February 2013, the City's manager executed an affidavit pertaining to the parcels under MCL 565.451a. The affidavit included a recitation of Section 5.44(B) of the City's zoning ordinance. The manager averred that the ordinance applied to the parcels because they were nonconforming and gave notice to all interested persons that the parcels were considered one undivided parcel, which could not be divided or sold apart from one another without a variance from the City. The City recorded the affidavit in March 2013.

Pioneer Club asked the City to rescind the affidavit, but it refused. Pioneer Club then sued the City for common law and statutory slander of title and asked the trial court to grant Pioneer Club declaratory relief.

In lieu of filing an answer, the City moved for summary disposition under MCR 2.116(C)(7). Specifically, the City argued that it was engaged in a governmental function when it filed the affidavit and that none of the exceptions to its immunity provided under the Governmental Tort Liability Act (GTLA), MCL 691.1404 *et seq.*, applied to the facts of this case. The trial court agreed and granted the motion in July 2014. Pioneer Club then appealed in this Court.

We review de novo a trial court's decision on a motion for summary disposition. *Willett v Charter Twp of Waterford*, 271 Mich App 38, 45; 718 NW2d 386 (2006). When there are no material facts in dispute or "if reasonable minds could not differ regarding the legal effect of the facts, the question of whether the claim is barred by governmental immunity is an issue of law." *Id.* (internal quotations and citations omitted).

Under the GTLA, absent enumerated exceptions, governmental agencies are immune from tort liability when engaged in the discharge or exercise of a governmental function. MCL 691.1407(1); *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 156; 615 NW2d 702 (2000). The immunity from tort liability provided by the GTLA "is expressed in the broadest possible language—it extends immunity to all governmental agencies for *all* tort liability whenever they are engaged in the exercise or discharge of a governmental function." *Id.* (citation omitted).

The trial court correctly determined that the City was engaged in a governmental function at the time it filed the affidavit. A "governmental function" is any activity "that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b). "According to well-established caselaw, this definition is to be broadly applied and requires only that 'there be *some* constitutional, statutory or other legal basis for the activity in which the governmental agency was engaged.' " *Harris v Univ of Mich Bd of Regents*, 219 Mich App 679, 684; 558 NW2d 225 (1996), quoting *Pawlak v Redox Corp*, 182 Mich App 758, 764; 453 NW2d 304 (1990). "To determine whether a governmental agency is

engaged in a governmental function, the focus must be on the general activity, not the specific conduct involved at the time of the tort." *Pardon v Finkel*, 213 Mich App 643, 649; 540 NW2d 774 (1995).

There can be no reasonable dispute that the City's act of filing the affidavit was in furtherance of its larger, more general function of ensuring compliance with its zoning ordinances. The enforcement of a zoning ordinance is a governmental function. *Rochester Hills v Six Star, Ltd, Inc*, 167 Mich App 703, 708; 423 NW2d 322 (1988). The City developed a zoning ordinance, as permitted under the Zoning Enabling Act, MCL 125.3101 *et seq.* Section 5.44(B) of that ordinance provided that if two adjacent lots, one or more of which is nonconforming, have a common owner, the lots shall be considered to be one undivided whole, and no division can be made which leaves any portion nonconforming without approval from the City in the form of a variance. Pioneer Club does not dispute that Section 5.44(B) applies to its parcels. Yet, despite the existence of this ordinance, the City had already once been confronted with Azzar's attempt to convey the parcels to two separate entities, in violation of the ordinance. Given this history, it was appropriate for the City to undertake proactive measures to ensure future compliance with its zoning ordinance by recording an affidavit that would put interested persons on notice that it was the City's position that the ordinance applies to the parcels.

Pioneer Club argues that the City did not have the specific authority to file an affidavit as a means of ensuring compliance with its zoning ordinance. Section 5.118(D) of the City's zoning ordinance authorizes the City's agents to enforce the zoning ordinances by any means "necessary and proper." It is reasonable and proper to file an affidavit that might prevent future disputes by making interested parties aware of specific issues involving real property. As the trial court correctly noted, MCL 565.451a specifically authorizes just such an affidavit:

> [a]n affidavit stating facts relating to any of the following matters that may affect the title to real property in this state and made by any person having knowledge of the facts and competent to testify concerning those facts in open court may be recorded in the office of the register of deeds of the county where the real property is situated:
>
> * * *
>
> (e) Knowledge of facts incident to possession . . . of real property.

Zoning ordinances, such as the one at issue in this case, may affect title to real property. In fact, Section 5.44(B) *already* affected title to the lots at issue by purporting to invalidate an attempted conveyance in violation of the terms of that ordinance. The City's knowledge of the effect of the zoning ordinance on the parcels—a fact incident to possession of the parcels—falls within the enumerated matters for which an affidavit may be filed under MCL 565.451a. Thus, the City could file the affidavit in the reasonable exercise of its enforcement authority, which was a governmental function. Therefore, it was entitled to governmental immunity on the slander of title claims.

Pioneer Club additionally argues that, even if the City is immune from Pioneer Club's slander of title claims, no such immunity exists with respect to its claim for declaratory relief. Although governmental immunity does not apply to claims involving equitable relief, see *Lash v Traverse City*, 479 Mich 180, 196; 735 NW2d 628 (2007), because the City was authorized to file the affidavit, Pioneer Club is ultimately not entitled to a declaration that the City lacked the authority to file the affidavit.

The City was entitled to immunity on the tort claims because it was engaged in a governmental function. In addition, because the City was authorized to file the affidavit, Pioneer Club's request for equitable relief fails as a matter of law.

The trial court did not err when it granted the City's motion for summary disposition.

Affirmed.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly