(116 App. Div. 731)

McCLERG v. VIELEE, Justice of the Peace, et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

1. PROCESS—ABUSE OF PROCESS—ACTION—COMPLAINT.

The complaint in an action against a justice of the peace and the overseer of highways of a town alleged that defendants illegally and without jurisdiction caused a legal process to issue against plaintiff, consisting of a summons in an action in which the overseer of highways was plaintiff; that the summons was served and defendants entered judgment for a fine and penalty, by reason of plaintiff's failure to pay a highway tax in the town in question; that plaintiff was arrested on a body execution and imprisoned, whereby he suffered injuries, etc.; that the arrest and proceedings were an abuse of legal process; and that plaintiff was not liable for the road tax in such town. *Held*, that the complaint failed to state a cause of action for abuse of process.

2. MALICIOUS PROSECUTION—COMPLAINT.

The complaint could not be sustained as setting forth a cause of action for malicious prosecution.

3. FALSE IMPRISONMENT—COMPLAINT.

The complaint could not be sustained as stating a cause of action for false imprisonment.

Appeal from Special Term, Orange County.

Action by Thomas McClerg against S. E. Vielee, as justice of the peace of town of Mt. Hope, and another, as overseer of highways. Appeal by defendants from a judgment overruling their demurrer to the complaint. Reversed, and demurrer sustained, with leave to plaintiff to plead over.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

R. Robertson, for appellants.
Wilton Bennet, for respondent.

HOOKER, J. The defendant Vielee was a justice of the peace of Mt. Hope, and his codefendant was overseer of highways in that town. The complaint alleges that the defendants illegally, wrongfully, without jurisdiction, and unlawfully did cause to be issued a legal process against the plaintiff here, which consisted of a summons issued by Vielee in an action where Hawkins was plaintiff; that the summons was served, and the defendants entered up judgment for the sum of $5 fine and penalty by reason of plaintiff's failure to pay a highway tax in the town of Mt. Hope; that the plaintiff was arrested on a body execution issued upon the judgment of the justice, and imprisoned thereunder, by reason of which he has suffered mental, physical, and moral injury; that the arrest and legal proceedings were an abuse of legal process and that the defendants had no jurisdiction whatever of the person of the plaintiff; that the plaintiff was not liable for road tax in the town of Mt. Hope; and that the defendants had no legal right to sue or "in any way issue any process against this plaintiff for the collection of highway tax in the town of Mt. Hope."

The allegation that the defendants had no jurisdiction of the person of the plaintiff, doubtless meaning thereby that the justice had no jurisdiction, is, of course, a statement of a conclusion of law, and no facts are alleged in the complaint which can sustain it. The complaint is not sufficient as setting forth a cause of action for an abuse of legal process. The mere statement that the arrest and legal proceedings constituted such abuse is not enough. Such an action will not lie unless there has been willful misuse of the process of the court to the injury of the plaintiff. There is no allegation in the complaint to negative the presumption that both of the defendants were proceeding honestly and in the utmost good faith as public officers to discharge their respective duties. The Justice's Court had jurisdiction of the subject-matter, for aught that appears. The defendant may have been served with a summons while he was within the town where the justice resided; and while the allegation appears in the complaint that he was a resident of the town of Deer Park at one time, it does not appear that he was not a resident of said town at the time when he became liable for the payment of the road tax, which was sought to be enforced in the action before the justice. The allegations of the complaint make it appear that the use of the process complained of was clearly legitimate. The legal conclusions reached by the justice may or may not have been correct. Such conclusions are to be reviewed in the methods prescribed by the Code, and not by actions for the abuse of legal process. The complaint is even silent as to whether the judgment was ever appealed from, and, if so, how the appeal resulted.

Of course, the complaint cannot be sustained as setting forth a cause of action for malicious prosecution or false imprisonment. There are no allegations of malice, want of probable cause, termination of

the action favorably to the plaintiff, or the invalidity of the execution or the judgment upon which it was issued.

The interlocutory judgment should be reversed, and the demurrer sustained, with leave to the plaintiff to plead over upon the usual terms.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint upon payment of costs within 20 days. All concur.