JENNIE FLAHERTY, Appellee, v. L. GINSBERG, Appellant.

Conditional sales: RETAKING OF PROPERTY: ABUSE OF RIGHT: DAMAGES: EVIDENCE. Not even the most drastic provisions of a contract of conditional sale of personal property, will justify the holder in exercising the rights conferred by the instrument in such manner as to unreasonably expose the other party to physical injury. Evidence in the instant case held insufficient to show wrongful oppression in retaking possession of the property.

Same. The fact that the purchaser of household property under a contract of conditional sale is suffering some degree of ill-health, will not render a retaking of the property upon a breach of the contract wrongful; but the purchaser's immediate need of the same must be such that to be deprived of its use will expose him to increased sickness and suffering, which fact must be known to the party demanding and removing the property.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN, Judge.

MONDAY, MARCH 11, 1907.

REHEARING DENIED THURSDAY, OCTOBER 24, 1907.

THE opinion states the case.— *Reversed.*

*Carr, Hewitt, Parker & Wright,* for appellant.

*Spurrier, Mills & Perry,* for appellee.

WEAVER, C. J.— The plaintiff is a married woman residing in the city of Des Moines, and the defendant is a dealer in furniture in that city. On November 15, 1904, defendant made a conditional sale to plaintiff's husband of numerous articles of household furniture at the aggregate price of $204.75 to be paid for in installments of $12 per month. The contract, which was in writing, provided that the title to the property should remain in the defendant until the agreed price was paid, and that, upon failure to pay any installment when due, defendant was authorized without other consent or proceedings to take possession of said property wherever found, and to declare a forfeiture of all installments theretofore paid on the contract. On or about May 11, 1905, certain installments on said purchase being past due and unpaid, an agent or employé of the defendant went to the house occupied by the plaintiff and took therefrom the goods described in the contract of sale above mentioned. Thereafter this action at law was begun by the plaintiff, alleging that, at the time the goods were taken away, her husband had deserted her, and she was sick and in such weakened physical condition that the bed and other articles of furniture to which the defendant made claim were necessary, for the time being at least, to save her from suffering; that she informed defendant's agent of her condition and demanded a reasonable time in which to procure the money to pay the delinquent installments, or to find an-

other place where she could obtain suitable care, but said
agent refused her request, and seized and carried away
all said furniture, leaving plaintiff without a bed on which
to lie and without means with which to care for herself,
thereby compelling her to walk a long distance to the home
of friends in another part of the city; and that, by rea-
son of the rough and cruel treatment to which she was
subjected by defendant's agent, and by the exposure
to which she was subjected in her sick condition in being
thus left without the necessities for housekeeping and com-
pelled to go out to search for friends and relief, she became
sick, sore, and lame, and made to suffer a miscarriage,
causing her great suffering, with resulting permanent phys-
ical injury.    For these alleged wrongs and injuries she asks
to recover damages.    The defendant admits retaking posses-
sion of the goods, and denies all allegations of wrong or
oppression on part of himself or agent.    There was a verdict
and judgment for plaintiff, and defendant appeals.

    Giving the evidence its most favorable construction for
the plaintiff, it tends to show that, at the date in question,
there were at least two installments of the purchase price of
the goods past due, and by the terms of the purchase de-
fendant had the legal right to retake possession.    On the
day prior to the acts complained of, defendant's agent met
plaintiff's husband on the street in Des Moines and asked
him to pay the amount then due, and, upon a statement of
his inability to meet the demand, the agent said he would go
out and get the goods.    The husband did not return to his
home that night, and plaintiff was not notified of defendant's
intention to take the goods till the wagon arrived for them on
the following day.    Plaintiff had been pregnant for about
six or eight weeks, and was suffering somewhat from morn-
ing sickness and compelled to lie down at times.    She was
able, however, to do her own housework and care for her
children.    When defendant's agent arrived and demanded
the goods, she was dressed and about the house attending to

her household duties. She asked the agent for time to make an effort to procure the needed money from her brother and he said he would drive to her brother's if she could raise $15, and thereafter pay $3 per week until the debt was discharged, but plaintiff replied that she was not certain of being able to comply with this requirement, and the agent then insisted upon removing the property. This was done without any abusive language or display of violence. Plaintiff was left with a stove and some fuel and provisions, but without bed or chairs, and some other articles of necessity or convenience. Left in this condition, she went on foot to her brother's home, about a mile distant. The route was wet and muddy, and she arrived at her destination in an exhausted condition and within a short time suffered a miscarriage. She was quite sick for several weeks, and claims to be not yet fully recovered.

Several propositions are urged upon our attention by appellant's counsel.

I. It is objected that the evidence is insufficient to sustain the verdict, and in our judgment the point is well made. It is true that neither an iron-clad contract of conditional

1. CONDITIONAL SALES: retaking property: abuse of right: damages: evidence.

sale, nor a mortgage of the most drastic conditions, will justify the holder in exercising the rights thereby conferred in such a manner as to unreasonably expose the other party to physical injury. *Bradshaw v. Frazier,* 113 Iowa, 579. The power conferred even by legal process may not be abused or exercised with unreasonable indignity or hardship to another without recourse for the injured party in damages. *Wood v. Graves,* 144 Mass. 366 (11 N. E. 567, 59 Am. Rep. 95); *Smith v. Weeks,* 60 Wis. 94 (18 N. W. 778). But we are unable to find in the record now before us any evidence of such oppressive exercise of his contract rights by the appellant. It may be true that the business of selling goods upon the installment plan to persons of small means, and securing payments by contracts like the one

involved in this case, is well calculated to dull one's sensibilities to the pathetic and pitiful aspects of human poverty, but the conditions contained in these contracts are the only security which the seller has for the performance of the contract by the purchaser, and in the very nature of such security it rapidly deteriorates in value, and loss is bound to accrue to the seller if he does not insist upon performance by the other party with some degree of stringency. The most that can be said of the appellant's conduct in this instance is that, after allowing two installments to become past due, he insisted upon taking the goods unless the arrears were paid. This he had the right to do, according to the plain letter of the agreement. While the plaintiff told the agent that she had been sick and needed the goods, and that she desired to hold them longer and try to pay for them herself, the agent saw her attending to her own work, and, so far as appears, had no reason to believe her to be in such serious condition that the deprivation of the goods might result in miscarriage or other substantial impairment of her health. Under such circumstances, he had the legal right to take the goods, and he appears to have done it without any attempt to aggravate the natural feeling of humiliation and distress which the plaintiff, with the ordinary sensitiveness of a woman, undoubtedly experienced. We shall not be slow in any proper case to express our approval of the doctrine advocated by counsel for appellee that, for gross negligence or oppressive harshness in the exercise of a legal right, the law provides a remedy for the party thereby suffering injury. The trouble in the plaintiff's case is in her failure to produce evidence of facts which call for an application of that principle.

II. This conclusion, necessitating as it does a reversal of the judgment from which appeal is taken, renders unnecessary any protracted discussion of the other points made in the argument. In view, however, of a possible retrial, we will refer briefly to one of

2. SAME.

the questions thus raised. In one of his instructions, the trial court seems to have said to the jury, in substance, that, if the plaintiff was sick and had need of her bed, defendant could not lawfully remove it without giving her reasonable time to get another one or find relief elsewhere. This rule, is in our judgment, stated too broadly. The mere fact that the plaintiff was suffering from some degree of ill health, and needed the bed, would not necessarily make its taking under the contract wrongful. To have that effect, the woman's helplessness and need must be such that to deprive her of the bed will expose her to increased sickness and suffering, and such fact must have been known or ought to have been known to the person demanding and removing the property.

Other objections relate to questions not likely to arise in another trial, and we shall not discuss them.

The judgment of the district court is *reversed*.