SPEAR v. PENDILL.

1. MALICIOUS PROSECUTION — ABUSE OF PROCESS — TRESPASS ON THE CASE.

The action for abuse of process lies for the wrongful use of the process of a court after its issuance, not for maliciously causing it to issue.

2. SAME—MALICE—PROCESS.

Two elements are necessary to an action for the malicious abuse of legal process: (1) The existence of an ulterior purpose; (2) an act in the use of the process not proper in the regular prosecution of the proceeding. But its regular and legitimate use, though with a bad intention, is not a malicious abuse thereof.

3. SAME—MALICIOUS ABUSE OF PROCESS—CRIMINAL LAW.

It is not actionable abuse of criminal process to make complaint against a person for keeping a bucket shop, to which charge the respondent pleaded guilty and was fined, where defendant had done no improper or irregular act in connection with the use of the process, and had no control over the warrant or prosecution after making complaint.

Error to Marquette; Flannigan, J. Submitted January 11, 1911. (Docket No. 72.) Decided March 13, 1911.

Case by John W. Spear against James Pendill for malicious abuse of process. Judgment for plaintiff. Defendant brings error. Reversed and no new trial ordered.

*George P. Brown* (*Waldo T. Potter*, of counsel), for appellant.

*W. S. Hill* and *C. F. Button*, for appellee.

McAlvay, J. Plaintiff brought suit and recovered a judgment against defendant for the sum of $600, in an action on the case for damages claimed to have been caused by defendant in making a criminal complaint in writing and under oath, charging plaintiff with conducting a bucket shop in the city of Marquette, Mich., contrary to law. From the declaration in the case we presume that it was intended to charge that this was done by defendant wilfully and maliciously, and not falsely. Issue was joined by a plea, and the question of the sufficiency of the declaration is not raised.

In the declaration plaintiff alleges as a fact that for 20 years and upwards he was engaged in the city of Marquette "in the business of conducting a bucket shop, so-called;" that defendant was one of his customers and suffered a loss of $700, for which defendant agreed to accept and did accept the sum of $350 in full settlement, which was paid and receipted for; that defendant afterwards brought suit against the plaintiff in assumpsit to recover the money he had lost, and caused a writ of garnishment to issue against a local bank, and thereby impounded $5,000 of money and securities belonging to plaintiff. Plaintiff further alleges that the transactions with defendant were fairly and justly conducted as defendant well knew, but that for the purpose of extorting money from him he threatened to make him trouble if he

did not pay all of the money lost in dealing with him, and that he later did make this complaint against him for illegally conducting a bucket shop, upon which complaint a warrant issued, and plaintiff was arrested and bound over for trial in the circuit court; that he gave bail, appeared before the circuit court, entered a plea of guilty to the information filed, and was fined the sum of $500, which he paid, and was discharged. For the purposes of this opinion, this is a sufficient statement of what is contained in the declaration. The bill of exceptions is admirable for its brevity, and, in addition to the facts above stated, shows that defendant, except in making the complaint, had no control over the warrant and the criminal prosecution, and that there was evidence tending to show that plaintiff became sick, distressed, and disordered in his mind, etc., as the result of defendant's conduct. Defendant seeks a reversal of this judgment upon errors assigned.

In order to make clear the theory of plaintiff upon which a recovery is sought, and his claim in the court below and in this court in defense of such theory, a quotation of the first sentence in his argument will be helpful. He says:

"This is not an action for malicious prosecution, as sought to be demonstrated by appellant, but is an action for malicious abuse of process."

And further says in his brief:

"The exigencies of the trial were such that there was finally submitted to the jury the sole question of the defendant's connection with, motive for, and liability under, the criminal prosecution."

Defendant, under the facts in the case, requested the court to direct a verdict in his favor. The denial of this request is made the basis of defendant's main contention. Unless we find that the conduct of the defendant in instituting this criminal proceeding can be held to be a malicious abuse of process, the court must be found to have erred in denying the motion.

No case of malicious prosecution was made out by the proofs; nor is any claim made by plaintiff that it was a case of malicious prosecution. That question, under the facts and the admissions of plaintiff, is entirely eliminated from the discussion.

The only question to determine upon this record is whether defendant was guilty of malicious abuse of process. Abuse of process is the wrongful use of the process of a court.

"This action for the abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue." 32 Cyc. p. 541.

See *Bonney* v. *King*, 201 Ill. 47 (66 N. E. 377); *Wood* v. *Graves*, 144 Mass. 365 (11 N. E. 567, 59 Am. Rep. 95); *McClerg* v. *Vielee*, 116 App. Div. (N. Y.) 731 (102 N. Y. Supp. 45).

In *Wood* v. *Graves*, *supra*, the court said:

" In examining the instructions of the learned judge to the jury in the present case, no error is found. He made a careful discrimination between the remedy for a malicious prosecution and that for a malicious abuse of process in the manner of executing it. He instructed them explicitly that no damages should be given for anything which occurred before the process was used at all by the officer, but only for what occurred after it began to be used upon the plaintiff, and after it began to be wrongfully used for the purpose of collecting defendant's debt."

This is a leading case, from which Judge COOLEY, in the text of his work on Torts, quotes:

" Two elements are necessary to an action for the malicious abuse of legal process: *First*, the existence of an ulterior purpose, and, *second*, an act in the use of the process not proper in the regular prosecution of the proceeding. Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process." 1 Cooley on Torts (3d Ed.), pp. 355, 356.

*Wood* v. *Graves*, *supra*, is in harmony with the weight of the authorities. Appellee relies upon certain cases which, it is claimed, hold that both elements, as above

stated, need not be present to support an action for the malicious abuse of legal process, citing 32 Cyc. p. 542, and cases cited. An examination of these cases discloses in each instance personal activity on the part of the individual in the furtherance of his ulterior purpose by the use of the process, and that the reasoning of these cases is not sound in claiming that an ulterior purpose is not necessary. The term, "malicious abuse of process," includes the idea of an ulterior purpose.

The Michigan cases relied upon do not support the contention of the appellee. *Seiber* v. *Price*, 26 Mich. 518–521, was a suit upon a covenant claimed to have been illegally obtained while under arrest by the abuse of a criminal warrant. *Gallaway* v. *Burr*, 32 Mich. 332, is a case of malicious prosecution, where plaintiff had been arrested by criminal warrant charging him with obtaining goods under false pretenses, from which he was discharged by the examining magistrate upon securing the debt. Cases prosecuted for the malicious abuse of process have been rare in the reports of this State. A typical and interesting case, where both elements necessary to support such an action were present, though not discussed, is cited by appellee, although exactly in point as illustrating the doctrine of *Bonney* v. *King: Antcliff* v. *June*, 81 Mich. 477 (45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533).

In the instant case appellant "had no control over said warrant and criminal prosecution after making the complaint." That is all he did in the matter, and his only connection with it. The appellee, a self-confessed criminal, pleaded guilty to the information filed against him, and paid his fine. The recitals in his declaration relative to his conduct of this business give no indication of his appreciation of its lack of legality and respectability; nevertheless they contain a confession of criminality and sufficient admissions, taken with one item of proof contained in the bill of exceptions, to defeat a recovery in this suit. It is clear from this record that appellant was not

guilty of the malicious abuse of process.   The court was in error in not instructing a verdict for him as requested.

The judgment of the circuit court is reversed, and no new trial granted.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.