# STATE OF MICHIGAN

# COURT OF APPEALS

JASON CHAREST,

Plaintiff-Appellant,

v

CITI INVESTMENT GROUP CORP.,

Defendant-Appellee,

and

RYAN SNOEK and EMRE URALLI,

Defendants.

UNPUBLISHED
May 18, 2017

No. 330775
Oakland Circuit Court
LC No. 2014-143971-NZ

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant Citi Investment Group Corporation's motion for summary disposition of plaintiff's complaint asserting tort claims of abuse of process and intentional infliction of emotional distress.[1] We affirm.

This case arises out of the foreclosure by advertisement of plaintiff's former home. At the sheriff's sale on June 3, 2014, defendant was a buyer of the property. Under MCL 600.3252, plaintiff was entitled to "demand" any surplus of the proceeds of the sale above that necessary to satisfy the mortgagee unless another party filed a claim for it. After the mortgagee was paid in this case, there was a surplus of $76,000, but plaintiff did not submit a claim for it until November 6, 2014.

Before plaintiff submitted his claim for the surplus, defendant gave notice to plaintiff of its intent to inspect the property pursuant to MCL 600.3237 and MCL 600.3238. It was not permitted entry. Thereafter, on September 1, 2014, defendant filed a petition in the district court to shorten the redemption period and to recover possession of the property. Plaintiff did not

---

[1] The individual defendants are agents of defendant Citi Investment Group Corporation (hereafter, defendant) and were dismissed from this action by stipulated order.

appear for a hearing on September 17, 2014, and a default judgment of possession was entered. Defendant submitted a claim to the sheriff for the surplus on September 24, 2014. Defendant obtained an order of eviction on October 3, 2014, which was executed on October 9, 2014.

At some point, plaintiff filed a motion in the district court to set aside the default judgment of possession. A hearing on the motion was scheduled for November 17, 2014, but it was not heard until December 18, 2014; the district court entered an order denying the motion. Plaintiff did not appeal the district court's orders. Plaintiff submitted his claim to the sheriff for the surplus on November 6, 2014. When the sheriff did not pay plaintiff the surplus because of defendant's competing claim, plaintiff filed the instant lawsuit in circuit court on November 10, 2014. Defendant released its claim to the surplus on November 12, 2014, and the sheriff paid the surplus to plaintiff.

Plaintiff's complaint in the instant case asserts (1) a claim to the surplus; (2) abuse of process, and (3) intentional infliction of emotional distress. On October 7, 2015, defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(l0). Defendant argued that plaintiff's claim of abuse of process did not allege with specificity any irregular use of process and alleged only speculation that defendant had an ulterior, improper purpose. Defendant also argued that the facts did not support plaintiff's claim that his right to redeem was affected as plaintiff had not attempted to redeem the property or claim the surplus before the entry of the default judgment of possession, which ended plaintiff's right of redemption. See MCL 600.3240(7), (8) and MCL 600.3238(10).

Defendant also argued that plaintiff had not alleged the elements of intentional infliction of emotional distress and that its conduct was not extreme or outrageous, not intended to cause severe emotional distress, and plaintiff had not supported his claim of severe emotional distress.

Plaintiff responded with a brief that argued that defendant failed to explain its filing a "groundless claim" to the surplus and, therefore, plaintiff reasonably believed that the primary reason defendant filed its meritless claim was to prevent plaintiff from redeeming his home. Plaintiff argued this was sufficient to show the tort of abuse of process, comparing it to the filing of a meritless or grossly inflated mechanic's lien. Plaintiff also argued that the filing of a groundless claim for profit was sufficiently "extreme and outrageous" to establish the tort of intentional infliction of emotional distress.

On December 14, 2015, the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C) (7), (8) and (10). The court found plaintiff's "claims for abuse of process and intentional infliction of emotional distress are without legal merit under the facts presented in this case." The court also ruled that plaintiff's claim for the foreclosure sale surplus was barred by the doctrine of res judicata because of the district court judgment.

Plaintiff now appeals by right. We address only plaintiff's two tort claims.[2]

This Court reviews de novo a trial court's decision to grant or deny summary disposition to determine whether a party is entitled to judgment as a matter of law. See *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition may be granted on the ground that the opposing party has failed to state a claim on which relief may be granted. MCR 2.116(C)(8); *Henry v Dow Chem Co*, 473 Mich 63, 71; 701 NW2d 684 (2005). A motion under this rule tests the legal sufficiency of a claim by the pleadings alone and may not be supported with documentary evidence. *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994). All factual allegations in support of the claim are accepted as true and are construed in the light most favorable to the nonmoving party. *Maiden*, 461 Mich at 119. The motion may be granted only when a claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Id*.

When considering a motion brought under MCR 2.116(C)(10), the court must view evidence submitted to it in the light most favorable to the party opposing the motion. *Maiden*, 461 Mich at 120. A trial court properly grants the motion when the submitted evidence fails to establish any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

## I. ABUSE OF PROCESS

The trial court properly granted summary disposition to defendant regarding plaintiff's claim of abuse of process under either MCR 2.116(C)(8) (fail to state a claim for relief) or MCR 2.116(C)(10) (the undisputed facts show defendant entitled to judgment as a matter of law).

"To recover upon a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v Dozorc*, 412 Mich 1, 30; 312 NW2d 585 (1981). An " 'action for abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue' " *Id*. at 31, quoting *Spear v Pendill*, 164 Mich 620, 623; 130 NW 343 (1911). " 'Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process.' " *Spear*, 164 Mich at 624 (citation omitted).

---

[2] The parties agree that the trial court erred by applying res judicata, but plaintiff concedes his claim to the surplus is now moot because the sheriff paid the surplus to him. "An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." *Kieta v Thomas M Cooley Law School*, 290 Mich App 144, 147; 799 NW2d 579 (2010). Further, plaintiff is not an aggrieved party with respect to the trial court's res judicata ruling. "In order to appeal, a party must be an aggrieved party." *Id*. Because he is not an aggrieved party as to the trial court's ruling regarding res judicata and because the issue is moot, refusing to grant plaintiff relief is not "inconsistent with substantial justice." MCR 2.613(A).

Initially, although the parties assume it, there is a question of whether defendant's filing a claim with the sheriff for the surplus under MCL 600.3252 constitutes "process" within the meaning of the tort of abuse of process. "Abuse of process is the wrongful *use of the process of a court*." *Spear*, 164 Mich at 623 (emphasis added). "It is the essence of an abuse of process claim to allege that the tortfeasor has sought to accomplish an ulterior, unlawful objective by dint of *judicial processes* ostensibly directed to a collateral, permissible end." *Rochester Hills v Six Star, Ltd*, 167 Mich App 703, 707; 423 NW2d 322 (1988) (emphasis added). Black's Law Dictionary (10th ed), defines "process" as "[t]he proceedings in any action or prosecution . . . ." This authority supports that with respect to the tort of abuse of process, the "process" abused must relate to some act in relation to a specific judicial proceeding.

In the present case, the sheriff acquired the surplus after sale of property foreclosed by advertisement; a judicial proceeding was not pending. The only pending judicial proceeding at the time defendant filed its claim to the surplus was the proceeding for summary possession in the district court. But defendant's claim for the surplus was not part of that judicial proceeding. The only connection between defendant's claim to the surplus and the district court proceeding was, notwithstanding plaintiff's argument to the contrary, the judgment of possession that terminated the redemption period. See MCL 600.3238(10). Although no judicial proceeding was pending concerning the surplus, when a competing claim is filed, the sheriff must "pay the surplus to . . . the clerk of the circuit court of the county in which the sale is so made," and "any person or persons interested in the surplus, may apply to the court for an order to take proofs of the facts and circumstances contained in the claim or claims so filed." MCL 600.3252.

Thus, defendant's claim to the surplus, coupled with plaintiff's "demand" for the surplus ("the surplus shall be paid over . . . on demand, to the mortgagor", *id*.), would have triggered a judicial proceeding by the sheriff to determine the disposition of the surplus. To that extent, plaintiff's claim might be considered "process" in the same sense as filing a complaint with a court. Generally, the mere filing of a complaint cannot constitute abuse of process. " 'The gravamen of the [tort of abuse of process] . . . is not the wrongful procurement of legal process or *the wrongful initiation of criminal or civil proceedings*[.]' " *Friedman*, 412 Mich at 30, quoting 3 Restatement Torts, 2d, § 682, comment *a*, p 474 (emphasis added).

Consequently, even if defendant's filing of a claim with the sheriff for the surplus constituted "process" because it might have the effect of precipitating a judicial proceeding, plaintiff's complaint still fails to state a claim for abuse of process because no irregular act in the use of the "process" is alleged. *Friedman*, 412 Mich at 30. "Abuse of process is the wrongful use of the process of a court." *Spear*, 164 Mich at 623. Considering it in the light most favorable to plaintiff, we conclude that defendant's claim for the surplus was "process" to initiate a judicial proceeding concerning the surplus, which even if undertaken with improper motives, does not constitute abuse of process. See *Friedman*, 412 Mich at 31 (the use of process to commence a judicial proceeding is the regular use thereof); *Spear*, 164 Mich at 623 (citation omitted) ("Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process."); *Young v Motor City Apartments Ltd Dividend Housing Ass'n No 1 & No 2*, 133 Mich App 671, 678-679; 350 NW2d 790 (1984) ("[A] plaintiff who alleges no more than that a party has commenced action against him has not pled an improper use of process").

In this case, "plaintiff has failed to state an actionable claim on a theory of abuse of process because there is no allegation that defendant[] committed an irregular act in the use of the process . . . ." *Friedman*, 412 Mich at 17. Therefore, the trial court properly granted defendants summary disposition under MCR 2.116(C)(8) of plaintiff's claim of abuse of process.

The same result is reached under MCR 2.116(C)(10). Plaintiff offers only his own speculation concerning the element of an ulterior purpose to support a claim of abuse of process. *Friedman*, 412 Mich at 30; *Young*, 133 Mich App at 678 ("To recover upon a theory of abuse of process, a party must plead and prove an ulterior purpose . . . ."). "A party opposing a motion for summary disposition [under MCR 2.116(C)(10)] must present more than conjecture and speculation to meet its burden of providing evidentiary proof establishing a genuine issue of material fact." *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 193-194; 540 NW2d 297 (1995). Plaintiff offers only his own opinion that defendant harbored an ulterior purpose. Opinions and conclusions are insufficient to create a question of disputed fact to survive a motion for summary disposition. *SSC Assoc Ltd Partnership v Detroit Gen Retirement Sys*, 192 Mich App 360, 364; 480 NW2d 275 (1991). So, the trial court properly granted defendants summary disposition of plaintiff's abuse of process claim under MCR 2.116(C)(10).

## II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The trial court properly granted summary disposition to defendant regarding plaintiff's claim of intentional infliction of emotional distress under either MCR 2.116(C)(8) (because plaintiff failed to allege outrageous conduct to state a claim for relief) or MCR 2.116(C)(10) (because plaintiff failed to produce evidence to create a question of fact concerning the other elements of the tort of intentional infliction of emotional distress).

The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. See *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 602; 374 NW2d 905 (1985). " 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Id*. at 603, quoting Restatement Torts, 2d, § 46, comment d, pp 72-73. The *Roberts* Court did not explicitly recognize that the tort of intentional infliction of emotional distress exists in Michigan, *id*. at 611, but this Court has "explicitly adopted the definition found in the Restatement Torts, 2d, § 46, pp 71-72." *Rosenberg v Rosenberg Bros Special Account*, 134 Mich App 342, 350; 351 NW2d 563 (1984).

To prove intentional infliction of emotional distress, it is not " 'enough that [the] defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice', or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.' " *Rosenberg, supra* at 350, quoting Restatement 2d, § 46, comment d. Instead, an actor may be found liable " 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Roberts*, 422 Mich at 603, quoting Restatement Torts,

2d, § 46, comment d, pp 72-73. Moreover, even where conduct might otherwise be extreme and outrageous, the conduct " 'may be privileged under the circumstances. The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress.' " *Id.*, quoting Restatement Torts, 2d, § 46, comment g, p 76.

Generally, the trier of fact determines whether conduct is sufficiently outrageous to justify recovery. *Linebaugh v Sheraton Michigan Corp*, 198 Mich App 335, 343; 497 NW2d 585 (1993). But it is for the trial court to decide whether the alleged conduct rises to the level that reasonable minds could differ in determining whether it was so "outrageous" as to impose liability. *Teadt v Lutheran Church Missouri Synod*, 237 Mich App 567, 582; 603 NW2d 816 (1999). "In reviewing claims of intentional or reckless infliction of emotional distress, it is generally the trial court's duty to determine whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Lewis v LeGrow*, 258 Mich App 175, 197; 670 NW2d 675 (2003).

In the present case, plaintiff alleges only that defendant submitted a claim to the sheriff for surplus funds from a mortgage foreclosure sale, with the ulterior motive of denying plaintiff access to the funds so as to impede plaintiff's ability to redeem. Defendant's conduct of filing a claim with sheriff that is authorized by law, see MCL 600.3252, cannot reasonably be considered " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Roberts*, 422 Mich at 603 (citation omitted), even if the claim is ultimately determined to be without merit. At worst, defendant's conduct could result in a judicial determination among competing claims as to "the rights of the claimant or claimants or persons interested[,]" if the plaintiff submitted a "demand" for the surplus to the sheriff. MCL 600.3252. Defendant's conduct of submitting a legal claim to the proper lawful authority without any direct or indirect harassment of plaintiff is not something that the community would denounce as "outrageous." Instead, it is privileged because defendant " 'has done no more than to insist upon his legal rights in a permissible way . . . .' " *Roberts*, 422 Mich at 603 quoting Restatement Torts, 2d, § 46, comment g, p 76. " 'Because defendant's conduct could not be reasonably regarded as extreme and outrageous, plaintiff has failed to state a claim on which relief may be granted and summary disposition was appropriate under MCR 2.116(C)(8)." *Teadt*, 237 Mich App at 583.

Plaintiff's argument that knowingly presenting a meritless legal claim to a third party is sufficiently outrageous to support his tort claim is unavailing. First, although plaintiff's complaint alleges that plaintiff was legally entitled to the surplus as the mortgagor, it does not allege that defendant's claim for the surplus was meritless. Further, the cases that plaintiff cites hold that potentially outrageous conduct exists when the defendants engage in a pattern of harassment that directly targets the plaintiffs. See *Rosenberg*, 134 Mich App at 347-348 (alleging 26 instances of brothers-in-law "browbeating" a widow to give up her legal rights); *Margita v Diamond Mortgage Corp*, 159 Mich App 181, 189-190; 406 NW2d 268 (1987) (defendants repeatedly harassed plaintiffs through abusive phone calls or letters, assessed late charges, threatened foreclosure regarding mortgage debts that were never delinquent); *Atkinson v Farley*, 171 Mich App 784, 790; 431 NW2dd 95 (1988) (defendants engaged in a deliberate pattern of harassing the plaintiff and demanded money to which they were not entitled); and *McCahill v Commercial Union Ins Co*, 179 Mich App 761, 766, 769-770; 446 NW2d 579 (1989)

(defendant insurer falsely accused the plaintiff of arson and entered the plaintiff's property with the intent to defeat the plaintiff's claim). In the present case, there is no pattern of defendant's directly harassing plaintiff. Rather, there is a single act: defendant presented a claim to the proper lawful authority holding the surplus funds that would at worst result in a judicial determination of the right to the surplus of competing claimants. So even if defendant knew that submitting a claim to the surplus would cause plaintiff emotional distress, its actions still would not support a tort claim of intentional infliction of emotional distress. See *Roberts*, 422 Mich at 603, citing Restatement Torts, 2d, § 46, comment g, p 76.

Additionally, even if plaintiff has alleged conduct sufficiently extreme and outrageous to support the first element of his tort claim, he has failed to produce any evidence to raise a question of material fact regarding the other elements of intentional infliction of emotional distress, " '(2) intent or recklessness, (3) causation, and (4) severe emotional distress.' " *Lewis*, 258 Mich App at 196 (citation omitted). The second element of intent or recklessness "may be proved two ways. A plaintiff can show that a defendant specifically intended to cause a plaintiff emotional distress or that a defendant's conduct was so reckless that any reasonable person would know emotional distress would result." *Id*. at 197 (citation and quotation marks omitted). Plaintiff presents no direct evidence of defendant's intent regarding its filing a claim for the surplus. Instead, without any evidence, plaintiff presents his own multi-faceted speculation that defendant (1) intended to deprive plaintiff of the funds and (2) thereby deny plaintiff the opportunity to redeem the foreclosed property. The first step may be a logical conclusion based on the fact that defendant filed a claim for the surplus. The second step is comprised entirely of speculation, which is insufficient to meet a party's burden to survive a motion for summary disposition. *Cloverleaf Car Co*, 213 Mich App at 193-194. So no direct or circumstantial evidence supports an inference that defendant's conduct was "so reckless that any reasonable person would know emotional distress would result." *Lewis*, 258 Mich App at 196.

Plaintiff also failed to produce sufficient evidence to raise a question of material fact regarding the third and fourth elements of intentional infliction of emotional distress. Plaintiff presents no evidence linking his emotional distress to defendant's act of filing a claim with the sheriff for the surplus. Rather, considering it in the light most favorable to him, we find that plaintiff's affidavit shows that he was upset about losing his house. But defendant's act of filing a claim for the surplus five months after the sheriff's foreclosure sale could not possibly have affected the foreclosure itself, i.e., plaintiff's losing his home. And, defendant's act could not possibility have affected plaintiff's ability to either (1) claim the surplus at any point before defendant filed its claim, or (2) refinance or redeem the property before defendant obtained its judgment of possession that extinguished the redemption period. MCL 600.3238(10). In sum, no causal link exists between defendant's filing a claim for the surplus and plaintiff's distress about losing his home.

Finally, plaintiff's affidavit does not raise a material question of fact that plaintiff suffered severe emotional distress. " 'There is no occasion for the law to intervene in every case where some one's feelings are hurt.' " *Roberts*, 422 Mich at 603, quoting Restatement Torts, 2d, § 46, comment d, pp 72-73. Moreover, liability " 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.' " *Id*. In addition, for liability to attach, a plaintiff's emotional distress must be severe. *Roberts*, 422 Mich at 608-609, quoting Restatement Torts, 2d, § 46, comment j, p 77. " 'The law intervenes only where the distress

-7-

inflicted is so severe that no reasonable man could be expected to endure it.' " *Id*. (emphasis deleted). Plaintiff's self-serving and conclusory affidavit that losing his home caused him to be "extremely emotionally distressed" is insufficient to create a material fact question that plaintiff suffered such severe emotional distress that a reasonable person could not endure it. *Id*.

In sum, even if defendant's filing a claim for the foreclosure sale surplus would support the first element of a claim for intentional infliction of emotional distress--extreme and outrageous conduct-- plaintiff failed to produce sufficient evidence to raise a question of material fact regarding the other elements of that tort claim. Consequently, the trial court properly granted defendant summary disposition under MCR 2.116(C)(10). *West*, 469 Mich at 183.

We affirm. Defendant, as the prevailing party, may tax its costs pursuant to MCR 7.219.


/s/ Jane M. Beckering
/s/ Jane E. Markey