*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LIMISHA A. WATKINS,

        Plaintiff/Counterdefendant-Appellee,

v

CAROLYN TAYLOR and JOHN WILLIAMS,

        Defendants/Counterplaintiffs-
        Appellants.

UNPUBLISHED
December 18, 2024
11:14 AM

No. 367688
Ingham Circuit Court
LC No. 21-000329-CZ

Before: BORRELLO, P.J., and MALDONADO and WALLACE, JJ.

PER CURIAM.

Defendants appeal as of right the trial court's order granting summary disposition under MCR 2.116(C)(8) in favor of plaintiff on defendants' counterclaim. Defendants also challenge other prior orders of the trial court, as discussed in more detail below. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This matter arises from an ongoing dispute between the plaintiff and some of her neighbors regarding the plaintiff's practice of parking her vehicle on the street. Plaintiff initially filed a lawsuit against Ada Jones and Shroyer Towing, Inc., alleging six counts: intentional infliction of emotional distress, common law conversion, gross negligence, bailment, exemplary damages, and attorney fees. In her complaint, plaintiff claimed that her vehicle had been wrongfully impounded and damaged after Jones falsely reported it as abandoned, even though she knew that the vehicle belonged to plaintiff and was not actually abandoned.

Plaintiff later filed an amended complaint, removing Jones as a party and instead including Jane Doe and John Doe as the neighbors allegedly responsible. For reasons not relevant to the issues in this appeal, Shroyer Towing was granted summary disposition in its favor and was dismissed from the lawsuit. Plaintiff was then allowed to amend her complaint to replace Jane Doe and John Doe with the named defendants, Carolyn Taylor and John Williams, who are the remaining defendants in this case. For the remainder of this opinion, we will refer to Taylor and Williams collectively as "defendants."

Defendants filed a counterclaim against plaintiff for abuse of process, alleging that she had used the litigation process for ulterior motives, including intimidating defendants from reporting her alleged parking violations. They also moved for summary disposition of plaintiff's claims under MCR 2.116(C)(8) and (C)(10). The trial court granted defendants' motion for summary disposition and dismissed the plaintiff's claims.

Plaintiff then moved for summary disposition of the defendants' counterclaim under MCR 2.116(C)(8) and (C)(10), but the trial court denied this motion "with prejudice." Plaintiff subsequently filed another motion for summary disposition regarding the defendants' counterclaim. The trial court issued a written opinion and order granting this motion and dismissing the counterclaim under MCR 2.116(C)(8). The court ruled that the defendants failed to state a claim for abuse of process because they did not provide sufficient facts to demonstrate that plaintiff had the requisite ulterior motive for initiating the litigation. Defendants are now appealing this decision.

## II. SUMMARY DISPOSITION

Defendants first argue that the trial court erred by granting plaintiff summary disposition under MCR 2.116(C)(8) on defendants' abuse-of-process counterclaim.

We review a trial court's summary disposition ruling de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(8) is proper if the "opposing party has failed to state a claim on which relief can be granted." "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court must accept all factual allegations as true and decide the motion solely on the pleadings, granting the motion only if the "claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. at 160.

First, defendants assert that the trial court had already denied plaintiff's prior substantially identical motion for summary disposition of the counterclaim "with prejudice" and was therefore precluded from revisiting that issue to grant summary disposition in plaintiff's favor. However, this Court has held, citing MCR 2.604(A), that the "court rules . . . give the trial court explicit procedural authority to revisit an order while the proceedings are still pending and, on that reconsideration, to determine that the original order was mistaken . . . ." *Hill v City of Warren*, 276 Mich App 299, 307; 740 NW2d 706 (2007). MCR 2.604(A) provides that "an order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties." There can be no dispute here that the order denying plaintiff's summary disposition motion "with prejudice" was an order "adjudicating fewer than all the claims," because defendants' counterclaim remained pending after that order was entered.

We recognize that the order granting plaintiff's motion for summary disposition was entered by a visiting judge other than the judge who had denied plaintiff's earlier summary disposition motion. MCR 2.613(B) provides as follows:

A judgment or order may be set aside or vacated, and a proceeding under a judgment or order may be stayed, only by the judge who entered the judgment or order, unless that judge is absent or unable to act. If the judge who entered the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be entered by a judge otherwise empowered to rule in the matter.

Here, defendants do not claim that the visiting judge who entered the order they now challenge was somehow not empowered to rule in the matter or that the judge who entered the earlier order was not absent or unable to act. MCR 2.613(B). Defendants have not demonstrated that they are entitled to reversal of the order granting summary disposition of their counterclaim on the basis of the previous "with prejudice" order.

Moving to the substance of defendant's counterclaim, this Court has explained the nature of an abuse-of-process claim as follows:

> "Abuse of process is the wrongful use of the process of a court." *Spear v Pendill*, 164 Mich 620, 623; 130 NW 343 (1911). "This action for the abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue." *Id*. at 623 (quotation marks and citation omitted). "To recover upon a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v Dozorc*, 412 Mich 1, 30; 312 NW2d 585 (1981). Expanding on each of the elements, the *Friedman* Court went on to explain that the act must be something more than just the initiation of a lawsuit, and the ulterior purpose has to be something other than settling a suit. *Id*. at 31. Justice Cooley, in his treatise on torts, stated, "One way in which process is sometimes abused, is by making use of it to accomplish not the ostensible purpose for which it is taken out, but some other purpose for which it is an illegitimate and unlawful means." Cooley, *The Law of Torts or the Wrongs Which Arise Independently of Contract* (3d ed), p 356. [*Lawrence v Burdi*, 314 Mich App 203, 211-212; 886 NW2d 748 (2016).]

Defendants' counterclaim for abuse of process was exclusively founded on the assertion that plaintiff initiated the current lawsuit, which the defendants deemed frivolous. This assertion does not constitute a legally sufficient basis for an abuse-of-process claim. Consequently, the trial court acted appropriately in dismissing the counterclaim under MCR 2.116(C)(8), as referenced in *Lawrence*, 314 Mich App at 211-212. Furthermore, even if our reasoning diverges from that of the trial court, this Court may still uphold a trial court's summary disposition that arrives at the correct outcome, regardless of the rationale employed. *Kyocera Corp v Hemlock Semiconductor*, LLC, 313 Mich App 437, 449; 886 NW2d 445 (2015) ("We will affirm a trial court's decision on a motion for summary disposition if it reached the correct result, even if our reasoning differs.").

## III. SERVICE OF PROCESS

Defendants assert that there were multiple defects in the issuance of summonses and the service of process in this matter. It is challenging to ascertain the specific form of relief defendants

are seeking, given their acknowledgment in filings before the trial court and in their brief to this Court that they received actual notice of the third amended complaint and voluntarily submitted to the jurisdiction of the trial court. Additionally, defendants concede, as evidenced in the record, that they contested plaintiff's claims on their merits by moving for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), submitting an answer that included affirmative defenses, and filing their own counterclaim. In their motion for summary disposition, defendants specifically asserted that plaintiff had failed to state a claim upon which relief could be granted.

The trial court granted defendants' motion for summary disposition, resulting in the dismissal of plaintiff's complaint. Thus, it remains unclear what additional relief, beyond the dismissal of plaintiff's claim, defendants seek to obtain through this appellate argument concerning the alleged defects in service. Since the trial court's order dismissing plaintiff's claims is not contested on appeal, this Court is unable to provide any further relief to defendants with respect to this matter, rendering their argument moot.

An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to *provide relief (B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 [1998]). This Court typically refrains from adjudicating moot issues. Moreover, by failing to seek dismissal of the action due to alleged defects in service in their initial responsive pleading and motion for summary disposition, and voluntarily submitting to the trial court's jurisdiction, the defendants have effectively waived their objections to the service of process in this case (MCR 2.116[C][3] and [D][1]; *Al-Shimmari v Detroit Medical Center*, 477 Mich 280, 292; 731 NW2d 29 [2007]).

## IV. COSTS

Defendants assert that the trial court erred in awarding $20 in costs to plaintiff in connection with the order that granted defendants' motion to set aside the default entered against them. However, other than quoting provisions of MCR 2.625 and claiming entitlement to a reversal of the trial court's order, defendants fail to articulate a coherent argument or cite any legal authority that would support their interpretation of the court rule. Although their argument extends over many pages, it ultimately falls far short in providing clear meaning and any insights into how the trial court erred. As a result, their argument must be deemed abandoned. "It is not sufficient for a party simply to announce a position or assert an error and then leave it to this Court to identify and rationalize the basis for their claims or to unravel their arguments and then search for authority either to uphold or refute their position," *(Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 [1998], quotation marks and citation omitted).

Affirmed. No costs are awarded. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Allie Greenleaf Maldonado
/s/ Randy J. Wallace

-4-